**CANADIAN HELICOPTERS LIMITED, Relator,**

v.

**The Honorable Don E. WITTIG, District Judge of the 125th Judicial District, Harris County, Texas, Respondent.**

No. D–4128.

Supreme Court of Texas.

Argued Dec. 1, 1993.

Decided April 28, 1994.

Rehearing Overruled June 15, 1994.

Mickie S. Fleetwood, Jim E. Cowles, John M. Pease, Dallas, for relator.

Michael D. Sydow, Kelli McDonald Sydow, Joe H. Reynolds, Kay K. Daniel Morgan, Houston, for respondent.

PHILLIPS, Chief Justice, delivered the opinion of the Court, joined by HIGHTOWER, DOGGETT, CORNYN, GAMMAGE, ENOCH, and SPECTOR, Justices.

This original mandamus action involves the overruling of a special appearance filed pursuant to TEX.R.CIV.P. 120a. Relator, the defendant in a wrongful death suit, requests this Court to direct the trial court to with-

draw its order overruling relator's special appearance, and substitute it with an order sustaining the same. Because relator has an adequate remedy by appeal, we hold that mandamus is inappropriate, and we deny the writ.

The underlying cause of action concerns a fatal helicopter crash that occurred on April 17, 1990, in Blue River, British Columbia, Canada. The helicopter was owned by relator, Canadian Helicopters Limited ["CHL"], a Canadian corporation that provides helicopter services. CHL's principal place of business is in Canada; it is not licensed to do business in Texas and has never had an office or agent for service of process in this state. CHL had leased the helicopter to Mike Wiegele Skiing, another Canadian corporation in the business of conducting "heli-ski" trips. The helicopter was manufactured by Bell Helicopter Textron ["Bell"] and piloted by a Canadian. The flight occurred wholly within the borders of Canada. None of the real parties in interest, plaintiffs in the underlying litigation, are Texas residents.[1]

The plaintiffs filed a wrongful death suit against CHL and defendant Bell Helicopter Textron on August 30, 1991, in the 125th District Court of Harris County, Texas. CHL entered a special appearance pursuant to Rule 120a, contesting the personal jurisdiction of the trial court. CHL argued that the assertion of personal jurisdiction by the trial court would not comport with the requirements of due process under the United States Constitution.[2] Specifically, CHL contended that it lacked minimum contacts with Texas. The trial judge appointed a special master to consider CHL's jurisdictional objection on July 6, 1992. On January 26, 1993, the master held a hearing at which both sides presented evidence on the jurisdictional issue. On March 9, 1993, the master filed with the trial court his report, which concluded that the court lacked personal jurisdiction

and recommended that CHL's special appearance be sustained. On April 2, 1993, the trial court overruled CHL's special appearance in an order that made no reference to the master's report.

CHL filed a motion for leave to file a petition for writ of mandamus in the 14th Court of Appeals in Houston, seeking relief from the April 2 order. On July 22, 1993, the court of appeals overruled the motion, and CHL subsequently filed a motion for leave to file a petition for writ of mandamus in this Court. We granted the motion and stayed proceedings in the trial court pending disposition of this petition. CHL argues that it is entitled to the relief sought because the trial court abused its discretion in overruling the special appearance and because its remedy by appeal is inadequate.

█ Mandamus is "an extraordinary remedy, available only in limited circumstances." See Walker v. Packer, 827 S.W.2d 833, 840 (Tex.1992). A writ of mandamus will issue "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.1985). Such a limitation is necessary to preserve "orderly trial proceedings" and to prevent the "constant interruption of the trial process by appellate courts." Pope v. Ferguson, 445 S.W.2d 950, 954 (Tex.1969), cert. denied, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970). Consistent with this narrow approach to mandamus, the burden of showing an abuse of discretion as well as the inadequacy of a remedy by appeal is placed on the relator. This burden is "a heavy one." Lutheran Social Serv., Inc. v. Meyers, 460 S.W.2d 887, 889 (Tex.1970).

█ We focus today on the second prong of this test, the requirement that relator lack

---

1. Two of the original plaintiffs in this suit claimed to have established part-time residency in Texas subsequent to the crash. However, while this proceeding was pending before this Court, nine of the original thirteen plaintiffs settled their claims against CHL and are no longer parties to the underlying litigation, including one of the plaintiffs claiming part-time Texas residency.

2. See generally Asahi Metal Indus. Co., Ltd. v. Superior Court, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); Guardian Royal Exch. Assurance, Ltd. v. English China Clays, 815 S.W.2d 223 (Tex.1991).

an adequate remedy by appeal. Although some cases have previously relaxed or ignored this requirement,[3] we recently reaffirmed its importance. *See Walker,* 827 S.W.2d at 842 (specifically disapproving of any authorities that "might be read as abolishing or relaxing this rule"); *see also Bell Helicopter Textron, Inc. v. Walker,* 787 S.W.2d 954, 955 (Tex.1990) ("We have consistently held that we lack jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal."); *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989) (characterizing the requirement of an inadequate remedy by appeal as a "fundamental tenet of writ practice"); *Johnson,* 700 S.W.2d at 917; *Iley v. Hughes,* 158 Tex. 362, 311 S.W.2d 648, 652 (1958); *Aycock v. Clark,* 94 Tex. 375, 60 S.W. 665, 666 (1901) (holding that "it is elementary law that a mandamus is never awarded where the law has provided another plain, adequate, and complete remedy"). This requirement is met only when parties are in danger of permanently losing substantial rights. It is not satisfied by a mere showing that appeal would involve more expense or delay than obtaining a writ of mandamus. *See Walker,* 827 S.W.2d at 842; *Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56, 60 (Tex.1991); *Bell Helicopter,* 787 S.W.2d at 955; *Iley,* 311 S.W.2d at 652.[4] Thus, in most circumstances an appeal will provide an adequate remedy. *See Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 829 (1961).

■ Although this Court has not considered the specific issue of whether appeal is

an adequate remedy to address the denial of a special appearance, we have considered the issue in the context of pleas to the jurisdiction, by which objections to a court's subject matter jurisdiction are raised. We have held that appeal is an adequate remedy to address a trial court's denial of a plea to the jurisdiction, and therefore a writ of mandamus will not issue to correct it. *See Bell Helicopter,* 787 S.W.2d at 955 (denying leave to file petition for writ of mandamus where relators claimed that the trial court lacked subject matter jurisdiction); *see also Pope,* 445 S.W.2d at 954 (stating that appellate courts do not have jurisdiction to issue writs of mandamus to correct incidental rulings of a trial court when there is an adequate remedy by appeal, including orders sustaining or overruling pleas to the jurisdiction). CHL points to the inconvenience and loss of time and other "nonpecuniary" resources that it will suffer by having to go through an entire trial before it can obtain review of the trial court's order on appeal. However, such factors do not distinguish an erroneous refusal to dismiss a cause for lack of personal jurisdiction from an erroneous refusal to dismiss for lack of subject matter jurisdiction. Moreover, as noted above, such factors alone can never justify mandamus relief.

CHL points to our decision in *United Mexican States v. Ashley,* 556 S.W.2d 784 (Tex. 1977), as support for its claim that mandamus review of special appearances is appropriate. However, *Ashley* involved the issue of sovereign immunity,[5] implicating comity and foreign affairs concerns not present in the usual special appearance.[6] Moreover,

---

**3.** In *Walker,* we listed several cases applying mandamus review of discovery orders which failed to consider this requirement. *See, e.g., Loftin v. Martin,* 776 S.W.2d 145 (Tex.1989); *Barnes v. Whittington,* 751 S.W.2d 493 (Tex. 1988); *Allen v. Humphreys,* 559 S.W.2d 798 (Tex. 1977); *Barker v. Dunham,* 551 S.W.2d 41 (Tex. 1977).

**4.** In *Walker,* we disapproved of cases requiring the remedy by appeal to be "equally convenient, beneficial, and effective as mandamus." *Walker,* 827 S.W.2d at 842 (quoting *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1068 (1926)).

**5.** In *Ashley,* a Texas resident and United States citizen filed suit against Mexico seeking to establish a lien by attachment on certain pre-Colum-

bian artifacts claimed by Mexico but currently located on American soil. The plaintiff made no claim of title to the artifacts, but rather sought them as compensation for the expropriation of land he owned in Mexico by the Mexican government in the previous decade. *Ashley,* 556 S.W.2d at 784–85. This Court held that the suit was barred by the doctrine of sovereign immunity and instructed the trial court to withdraw its order overruling Mexico's special appearance and to dismiss the suit. *Id.* at 787.

**6.** We approve of the reasoning of the Dallas Court of Appeals in *N.H. Helicopters, Inc. v. Brown,* 841 S.W.2d 424, 426 n. 1 (Tex.App.— Dallas 1992, orig. proceeding). In declining to issue a writ of mandamus for the overruling of a

the Court in *Ashley* did not expressly consider the adequacy of Mexico's remedy by way of appeal.[7] Thus its precedential value regarding this issue is limited.

Our holding that a challenge to personal jurisdiction may ordinarily be adequately reviewed on appeal is in line with the majority of court of appeals opinions that have considered the issue. *See Hoechst Aktienggesellschaft v. Kirk*, 859 S.W.2d 651, 653 (Tex. App.—Eastland 1993, orig. proceeding); *National Indus. Sand Ass'n v. Gibson*, 855 S.W.2d 790, 791 (Tex.App.—El Paso 1993, orig. proceeding); *Brown v. Herman*, 852 S.W.2d 91, 92 (Tex.App.—Austin 1993, orig. proceeding); *N.H. Helicopters, Inc. v. Brown*, 841 S.W.2d 424, 426 (Tex.App.—Dallas 1992, orig. proceeding); *see also White v. Blake*, 859 S.W.2d 551, 561 (Tex.App.—Tyler 1993, orig. proceeding) (stating the general rule that because of the availability of an adequate remedy by appeal, mandamus is not available to address the denial of a special appearance, but recognizing an exception for child support and custody cases). The two contrary court of appeals decisions are distinguishable. In both *Hutchings v. Biery*, 723 S.W.2d 347, 350 (Tex.App.—San Antonio 1987, orig. proceeding), and *Laykin v. McFall*, 830 S.W.2d 266, 267–68 (Tex.App.—Amarillo 1992, orig. proceeding), the courts relied on *Ashley* in holding that mandamus is appropriate to address the denial of a special appearance. Moreover, *Hutchings* was a child custody case, and we have held that the remedy by appeal is frequently inadequate to protect the rights of children and parents in family law situations. *See Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987); *see also Hoechst Aktienggesellschaft*, 859 S.W.2d at 653; *N.H. Helicopters*, 841 S.W.2d at 426 n. 1.

CHL contends that it is the due process rights implicated by a special appearance that render appeal an inadequate remedy. It argues that in the context of personal jurisdiction, due process "protects the defendant against the burdens of litigating in a distant or inconvenient forum," *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980),[8] and "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). Therefore, CHL argues, an erroneous denial of a special appearance can never be adequately remedied on appeal because the harm has already occurred—the defendant has already been forced to litigate in a distant and inconvenient forum.

We believe CHL reads too much into this language. In *Van Cauwenberghe v. Biard*, 486 U.S. 517, 526, 108 S.Ct. 1945, 1951, 100 L.Ed.2d 517 (1988), a unanimous Court stated that "[i]n the context of due process restrictions on the exercise of personal jurisdiction, this Court has recognized that the individual interest protected is in 'not being subject to the binding judgments of a forum with which [the defendant] has established no meaningful "contacts, ties, or relations," ' "

special appearance, the court observed that because *Ashley* involved the issue of sovereign immunity, it "presented factors which bore on the adequacy of a remedy by appeal which are not present in this case." The court declined to view *Ashley* "as supporting the conclusion that an order overruling a special appearance is, in the ordinary case, subject to mandamus review." *Accord Hoechst Aktienggesellschaft v. Kirk*, 859 S.W.2d 651, 653 (Tex.App.—Eastland 1993, orig. proceeding) (stating that in *Ashley* this Court was faced with compelling factors that made mandamus the appropriate remedy but that "absent compelling factors, appeal is an adequate remedy for challenging the denial of a special appearance").

7. The Court in *Ashley* stated: "Mexico brings this case as a mandamus because, in effect, its mo-

tions for special appearance were overruled by the action of the trial court. The order which overruled the special appearances cannot be appealed; therefore, it was necessary for Mexico to bring this cause as a mandamus. *Carpenter Body Works, Inc. v. McCulley*, 389 S.W.2d 331 (Tex. Civ.App.—Houston 1965, writ ref'd), *cert. denied*, 382 U.S. 979 [86 S.Ct. 550, 15 L.Ed.2d 469] (1966)." 556 S.W.2d at 785. Of course, such issues may be preserved and presented on appeal, so presumably this language was merely a shorthand reference to the fact that orders overruling special appearances are not *immediately* appealable.

8. *See also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 807, 105 S.Ct. 2965, 2972, 86 L.Ed.2d 628 (1985).

citing *Burger King*.[9] The Court held that a district court order denying the defendant's motion to dismiss for lack of personal jurisdiction on the grounds of immunity from service of process was not immediately appealable, "[b]ecause the right not to be subject to a binding judgment may be effectively vindicated following final judgment." *Id.* at 526–27, 108 S.Ct. at 1952; *see Ex Parte Chicago, Rock Island & Pac. Ry. Co.*, 255 U.S. 273, 280, 41 S.Ct. 288, 291, 65 L.Ed. 631 (1921) (denying a writ of mandamus to correct an order overruling relator's motion to dismiss for lack of personal jurisdiction, stating that if the lower court erred, relator "will have its remedy by appeal"); *In re Atlantic City R.R.*, 164 U.S. 633, 635, 17 S.Ct. 208, 209, 41 L.Ed. 579 (1897) (denying leave to file a petition for writ of mandamus to correct the overruling of a demurrer alleging lack of jurisdiction over the person, on the grounds that "petitioner has its remedy by appeal"); *United States v. Sorren*, 605 F.2d 1211, 1215 (1st Cir.1979) (declining to issue a writ of mandamus to correct the trial court's denial of a challenge to personal jurisdiction, on the grounds that the relator's "jurisdictional 'right' can be adequately vindicated on appeal by attacking a judgment against him");[10] *Massey–Harris–Ferguson, Ltd. v. Boyd*, 242 F.2d 800, 803 (6th Cir.), *cert. denied*, 355 U.S. 806, 78 S.Ct. 48, 2 L.Ed.2d 50 (1957) (refusing to issue a writ of mandamus to correct the trial court's order overruling relator's special appearance and motion to quash, where the order was subject to review on appeal from a final judgment); *Hydraulic Press Mfg. Co. v. Moore*, 185 F.2d 800, 803 (8th Cir.1950) (holding that mandamus would not issue to compel the district court to vacate its order denying relator's motion to dismiss for lack of personal jurisdiction, because the remedy of appeal from a final judgment was adequate); *American Concrete Agric. Pipe Ass'n v. No–Joint Concrete Pipe Co.*, 331 F.2d 706, 710 (9th Cir.1964) (declining to review by way of mandamus an order overruling motions to dismiss for lack of venue and personal jurisdiction); *see also United States v. Levy*, 947 F.2d 1032, 1034 (2d Cir.1991) (holding that an interlocutory appeal is not available to review a challenge to personal jurisdiction in a criminal case, because "challenges to jurisdiction may be fully vindicated on appeal from a final judgment").

We also note the inapplicability of our holding in *Walker* that "appeal will not be an adequate remedy where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised" by the trial court's erroneous ruling. *Walker*, 827 S.W.2d at 843. CHL's situation does not fit this description. Its ability to defend the underlying suit on the merits is not compromised by the denial of its special appearance. Although more time and cost is involved in defending the suit through a full trial and appeal in a foreign jurisdiction, CHL has not argued that such burdens are so great as to render it unable to present a defense.[11] Thus, if CHL chooses to defend in this forum, the court's ruling, even if erroneous, will not foreclose it from doing so.

We do not foreclose the possibility that a trial court, in denying a special appearance, may act with such disregard for guiding principles of law that the harm to the defendant becomes irreparable, exceeding mere in-

---

9. We note that *Burger King*, like the instant case, involved the denial of a special appearance by a trial court. Although the defendants chose to defend the suit on the merits and reassert their jurisdictional objections on appeal, the Court made no mention of the fact that they endured a full trial before the personal jurisdiction issue was finally resolved.

10. Although *Sorren* was a criminal case, the court analyzed the adequacy of relator's appellate remedy by examining both civil and criminal case law. The court held that the fact that this was a criminal case did not alter its conclusion that relator's remedy by appeal was adequate. *Sorren*, 605 F.2d at 1214.

11. The mere fact that a trial court's erroneous denial of a special appearance will result in an eventual reversal on appeal does not mean that the trial will be a "waste of judicial resources," as that term was used in *Walker*. *Walker*, 827 S.W.2d at 843. To hold otherwise would mean that virtually any trial court order constituting reversible error would be a proper subject for mandamus review. Such a result is inconsistent with the rule that mandamus is an extraordinary remedy to be used only in limited circumstances. *See id.* at 840.

creased cost and delay. In such a situation, a defendant's remedy by appeal may be inadequate and mandamus therefore appropriate. However, regardless of whether or not the trial court in this instance erred, this is not the type of extraordinary situation where mandamus should be considered.

Our approach of allowing mandamus review of special appearances only where truly extraordinary circumstances exist follows the trend in several other states. For example, the Arkansas Supreme Court recently held that a writ of prohibition[12] is "only proper when the trial court has no jurisdiction over the person of the petitioner, is clearly warranted, and there are no disputed facts." *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293, 294 (1993). The Court specifically rejected language in an earlier opinion suggesting that a writ will issue to prevent the expense and delay caused by awaiting resolution of the jurisdictional issue on appeal from a final judgment. *Id.* The Ohio Supreme Court has held that prohibition is not available to correct the denial of a special appearance unless "personal jurisdiction is so totally lacking" that "the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial." *State ex rel. Connor v. McGough*, 46 Ohio St.3d 188, 546 N.E.2d 407, 410 (1989). The Rhode Island Supreme Court has held that certiorari will not lie to correct a preliminary jurisdictional ruling unless "the circumstances have been unusual or exceptional, or in order to prevent unusual hardship, or where not to act might result in irreparable injury or loss." *Conn v. ITT Aetna Fin. Co.*, 105 R.I. 397, 252 A.2d 184, 188 (1969). The Washington Supreme Court refused to review by prohibition the denial of a motion to dismiss for lack of personal juris-

diction, stating that prohibition will lie only where there is a "total and inarguable absence of jurisdiction" such as makes the remedy by appeal not merely inconvenient but inadequate. *Barnes v. Thomas*, 96 Wash.2d 316, 635 P.2d 135, 136–37 (1981). *See also Pottawattamie County Dep't of Social Servs. v. Landau*, 210 N.W.2d 837, 844 (Iowa 1973) (holding that the trial court's assertion of jurisdiction over the plaintiff could be reviewed most efficiently on appeal); *State ex rel. Clem Trans., Inc. v. Gaertner*, 688 S.W.2d 367, 368 (Mo.1985) (holding that "[w]here personal jurisdiction turns upon some fact to be determined by the trial court, its ruling that it has jurisdiction, if wrong, is simply error for which prohibition is not the proper remedy," and stating that for prohibition to lie the lack of jurisdiction must be "clearly evidenced"); *South Dakota Bd. of Regents v. Heege*, 428 N.W.2d 535, 538 (S.D. 1988) (holding that review by prohibition of personal jurisdiction challenges is proper only if the facts are substantially without dispute and the question is primarily a legal one); *cf. United States v. Superior Court*, 144 Ariz. 265, 269, 697 P.2d 658, 662 (1985) (stating a general policy of declining review by "special action" of orders denying motions to dismiss, on the grounds that the remedy by appeal is usually adequate); *Warecke v. Richardson*, 468 S.W.2d 795, 796 (Ky.1971) (denying a petition for writ of prohibition where the trial court denied petitioner's motion to quash based on immunity from service of process, stating that petitioner had an adequate remedy by appeal). While we recognize that not all other states have followed this position, we believe it to be the better view.[13]

---

12. The writ of prohibition is distinct from the writ of mandamus in that the former commands an inferior court not to do some act, whereas the latter commands the doing of some act. However, substantially identical principles control the use of both writs when they are invoked to correct the unlawful assumption of jurisdiction by a lower court. *See* 63A Am Jur.2d *Prohibition* § 3 (1984).

13. Several jurisdictions have statutes or rules providing for interlocutory review of personal jurisdiction rulings. *See, e.g., Malcom v. Superior Court*, 172 A.2d 761, 763 (Del.1961) (citing Supreme Court Rule 20); *Miller v. Miller*, 506

So.2d 1084, 1085 (Fla.Dist.Ct.App.1987) (citing Fla R.App.P. 9.130(a)(3)(C)(i)); *Healy v. Vaupel*, 133 Ill.2d 295, 140 Ill.Dec. 368, 374, 549 N.E.2d 1240, 1246 (1990) (citing Supreme Court Rule 306(a)(1)(iii)); *Byrd v. Ontario Freight Lines Corp.*, 39 N.J.Super. 275, 120 A.2d 787, 787 (1956) (applying R.R. 2:2–3(a)(3)); *Poret v. State Personnel Comm'n*, 74 N.C.App. 536, 328 S.E.2d 880, 882 (1985), *overruled on other grounds, Batten v. N.C. Dep't of Correction*, 326 N.C. 338, 389 S.E.2d 35, 39 (1990) (citing N.C.Gen.Stat. § 1–277(b)); *United Erectors, Inc. v. Pratt & Lambert Corp.*, 338 Pa.Super. 577, 488 A.2d 43, 44 (1985) (applying Pa.R.App P. 311(b)). Among states that lack such statutory provisions, some appear to

Because we hold that CHL has an adequate remedy by appeal, we need not reach the issue of whether the trial court abused its discretion in overruling the special appearance. As CHL has not established its right to relief by mandamus, we deny its petition for writ of mandamus.

HECHT, J., dissents, joined by GONZALEZ, J.

HECHT, Justice, joined by GONZALEZ, Justice, dissenting.

The core principle of our mandamus jurisprudence is that the extraordinary writ will issue only to correct a clear abuse of discretion or to compel performance of a legal duty, and only when appeal is an inadequate remedy. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). Exactly three applications of this principle are possible in the case now before us. One is to hold that the district court did not clearly abuse its discretion in denying defendant's special appearance, making it unnecessary to consider the adequacy of remedy by appeal. Another is to hold that a defendant whose special appearance is overruled has an adequate appellate remedy, making it unnecessary to consider whether the district court clearly abused its discretion. The third is to hold that the district court clearly abused its discretion in denying defendant's special appearance, and that defendant has no adequate remedy by appeal.

The Court attempts the second approach, but with exceptions. One is for cases involving "the rights of children and parents in family law situations." *Ante* 876 S.W.2d at 307. Another—actually, the Court is vague on whether it would recognize this exception—is for cases involving "the issue of sovereign immunity, implicating comity and foreign affairs concerns". *Ante* at 306. A third

exception is for cases in which the trial court's abuse of discretion in denying a special appearance is not *merely* clear but *really* clear. The Court describes this exception as follows:

> We do not foreclose the possibility that a trial court, in denying a special appearance, may act with such disregard for guiding principles of law that the harm to the defendant becomes irreparable, exceeding mere increased cost and delay. In such a situation, a defendant's remedy by appeal may be inadequate and mandamus therefore appropriate.

*Ante* at 308.

The difficulty with the third exception is that it creates two novel notions in mandamus jurisprudence. One is that there are different degrees of abuse of discretion, clear and super-clear. A clear abuse, sufficient for mandamus relief in some cases, is not enough in the case of a denial of a special appearance; in the latter case, the abuse of discretion must be super-clear. We have never recognized such a distinction before, and the Court does not say whether it is specially created for this case or whether it may have broader application. The other new concept is that a super-clear abuse of discretion can make appeal an inadequate remedy when a merely clear abuse cannot. Ordinarily, whether there has been a clear abuse of discretion and whether there is an adequate remedy by appeal are discrete inquiries, and neither has anything to do with the other. In other words, in determining whether a party's appellate remedy is adequate, it makes no difference that the trial court's ruling was merely arguably wrong, or probably wrong, or even blatantly wrong. The two prerequisites for mandamus relief are logically independent and treated accordingly, except now in cases involving special appearances.

grant routine review of denials of personal jurisdiction challenges by extraordinary writ, either on the grounds that having to endure the delay and expense of a full trial renders the remedy of appeal inadequate, see, for example, *Atlas Elevator Co. v. Presiding Judge*, 49 Haw. 129, 412 P.2d 645, 655 (1966); *State ex rel. Ellan v. District Court*, 97 Mont. 160, 33 P.2d 526, 528–29 (1934); *State ex rel. Brainard v. District Court*, 34 Wyo.

288, 243 P. 123, 126 (1926), or without substantial discussion of the appropriateness of such a remedy. *See, e.g., Ex parte Paul Maclean Land Servs., Inc.*, 613 So.2d 1284, 1286 (Ala.1993); *Shapiro v. Pavlikowski*, 98 Nev. 548, 654 P.2d 1030, 1031 (1982); *Barnes v. Wilson*, 580 P.2d 991, 993 (Okla.1978); *Pries v. Watt*, 186 W.Va. 49, 410 S.E.2d 285, 289 (1991).

As a purely abstract matter, I should think the more desirable course would be to avoid snarling mandamus law with new distinctions if at all possible, as it certainly is in this case. If these new distinctions are necessary, we ought at least to have some idea what they mean. What is the difference between a clear and super-clear abuse of discretion? Why does this case not involve a super-clear abuse of discretion? Should these different levels be used in other cases? Why does a super-clear abuse of discretion make an otherwise adequate appellate remedy inadequate? No hint of an answer to these questions can be found in the Court's opinion.

Even if clarity is not important, consistency should be. We have recently held that a party who is denied a federal right to arbitration may obtain relief by mandamus. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992). We hold today that a party who is wrongly compelled to arbitrate under federal law may also obtain relief by mandamus when such party would have been entitled to an appeal under federal law, but no state procedural mechanism permits such an appeal. *Freis v. Canales,* 877 S.W.2d 283 (Tex.1994) (per curiam). In either case the party could proceed to litigate or arbitrate the merits of his dispute and then complain on appeal that he was in the wrong forum. I cannot see why remedy by appeal is inadequate in these circumstances but adequate when a party is compelled to litigate in a court which, under the undisputed facts, has no personal jurisdiction over him.

The entire difficulty with the Court's approach can be avoided one of two ways. The third exception, for rulings that are *really* clearly wrong as opposed to merely clearly wrong, could be abandoned. Following the Court's rule, this would leave a trial court's denial of a special appearance unreviewable except by appeal. No matter how few contacts a defendant might have with Texas, and even if there were none at all, a trial court could exercise personal jurisdiction over him until judgment was rendered. The Court is unwilling to go this far, and in my view, wisely so.

The other alternative is to hold that remedy by appeal is inadequate when a special appearance is denied and focus instead on whether the ruling involves a clear abuse of discretion, applying the same standards in determining that issue as would be applied in any other mandamus case. This approach is so plainly preferable that I cannot understand why the Court does not follow it. None of the cases from other jurisdictions which the Court cites reflect a dual standard of mandamus review, with a higher test for personal jurisdiction cases than other cases. The Court's goal, as I perceive it, is to restrict mandamus relief for denial of a special appearance to very exceptional cases. This goal, with which I am fully sympathetic, can be fully attained by strictly applying the traditional mandamus prerequisite of a clear abuse of discretion. It is attained in this manner in the other states whose opinions the Court cites. It is not necessary to inject new and illogical distinction into mandamus law. Mandamus applications will not be discouraged any more effectively by holding that appeal is an adequate remedy except in rare cases, than by holding that no clear abuse of discretion will be found except in rare cases.

As for whether the district court clearly abused its discretion in this case, I believe it plainly did. Personal jurisdiction over a party may be established by proving either specific or general contacts between the party and the forum state. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays,* 815 S.W.2d 223, 226–28 (Tex.1991); *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex.1990). Specific contacts are those out of which the litigation in the forum arises. *Guardian Royal,* 815 S.W.2d at 227–28; *Schlobohm,* 784 S.W.2d at 357. There are no such contacts here. Plaintiffs in the underlying litigation claim damages for injuries and deaths resulting from a fire aboard a helicopter. The fire occurred in Canada. Defendant, Canadian Helicopters Limited, a Canadian company, owned the helicopter. It was leased in Canada and flown by a Canadian pilot. All but three of the injured passengers were Canadian citizens, and none had ever lived in Texas. Plaintiffs do not claim that the trial court has specific jurisdiction over Canadian Helicopters.

General personal jurisdiction may be premised upon "continuous and systematic contacts between the nonresident defendant and the forum state." *Guardian Royal,* 815 S.W.2d at 228; *see Schlobohm,* 784 S.W.2d at 357. The only evidence of such contacts in this case is the following. From August 1989, when Canadian Helicopters was incorporated, until March 1993 when its special appearance was heard, it signed three contracts with Texas companies and governed by Texas law, and it agreed to deliver two helicopters to purchasers in Texas. It also hired two Texas residents as employees, both of whom worked primarily outside Texas and maintained their Texas residences for a period of time solely as a matter of personal convenience. In less than two years, one left Canadian Helicopters' employ and the other left Texas. Canadian Helicopters' parent added a Texas lawyer to its board of directors and sought legal advice from him. Finally, Canadian Helicopters occasionally purchased services and supplies in Texas and sent its employees to industry conferences and meetings here.

The district court appointed a master to hear evidence on Canadian Helicopters' special appearance. The master found not only that Canadian Helicopters' contacts with Texas were never continuous or systematic, but also that it attempted specifically to avoid subjecting itself to the jurisdiction of Texas courts. The district court received no evidence other than that heard by the master and made no contrary findings, but nonetheless concluded that it had personal jurisdiction over Canadian Helicopters.

The line between contacts which are continuous and systematic and those which are not is indistinct in some cases, but not this one. The master was right: there is simply no evidence here of the contacts required for general personal jurisdiction. The district court's contrary conclusion was, I think rather plainly, a clear abuse of discretion. Indeed, I should think this case would even meet the Court's super-clear test. Obviously, the Court does not agree, but it fails to explain its conclusion. The Court never alludes to the evidence of general jurisdiction.

If, as it appears, the Court's principal purpose is to discourage mandamus applications, the Court would make its point very effectively, I think, by holding that even when the trial court's denial of a special appearance is as dubious as this one, the ruling will not be disturbed except on appeal. While I share a similar purpose, I do not think it much encouraging of mandamus to hold that only in a case as clear as this one will relief be granted. Indeed, in cases turning upon disputed factual issues, mandamus would not be proper. *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 714 (Tex.1990). Thus, I would hold that because the district court clearly abused its discretion and Canadian Helicopters has no adequate remedy by appeal, the writ of mandamus should issue, conditioned upon the district court's refusal to reverse its ruling. Accordingly, I dissent.