**Steven SCHROEDER, Relator,**

v.

**Honorable Rogelio VALDEZ, Presiding Judge of the 357th District Court of Cameron County, Texas, Respondent.**

No. 13–96–519–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 9, 1997.

John E. Chosy, Brownsville, for relator.

Rogelio Valdez, Brownsville, for respondent.

Thomas Sullivan, Carinhas, Chosy & Sullivan, L.L.P., Peter C. Gilman, Brownsville, for real parties.

## OPINION

Before HINOJOSA, YAÑEZ and RODRIGUEZ, JJ.

YAÑEZ, Justice.

In the present mandamus proceeding, Steven Schroeder complains that the trial court erred in denying his special appearance and subjecting him to jurisdiction in Texas. We grant mandamus relief.

In November 1995, Fred S. Pfeifer filed suit in Cameron County against Dorris C. Bork for a partnership accounting. Pfeifer then filed an amended petition on June 11, 1996, alleging a second cause of action, for conversion of his share of the proceeds from the sale of real property owned by the partnership, and joining Schroeder as a defendant who allegedly conspired with Bork to convert Pfeifer's property. Specifically, the amended petition alleges that Schroeder set up for Bork, and assumed the position of trustee of, an out-of-state revocable trust[1] into which Bork deposited partnership funds in order to prevent Pfeifer from receiving his share.

Schroeder filed a special appearance contesting the trial court's jurisdiction over him, on the grounds that he is not a Texas resident, does not do business in Texas, and has committed no tort in Texas, such that assumption of jurisdiction would deprive him of due process and offend traditional notions of fair play and substantial justice. Schroeder further attached his affidavit, stating that he is a resident of the State of Wisconsin, conducts his business in that state, and that he has only been in Texas on three occasions to visit family. Specifically, Schroeder denied that he had discussed or transacted any business with respect to the trust on any occasion

---

1. The Dorris C. Bork Revocable Trust was set up on July 1, 1994, with Bork as the grantor and beneficiary, and Schroeder as the trustee. The Trust Agreement specifies that it is to be construed and regulated by the law of the State of Wisconsin.

while he was in Texas. Schroeder further denied any other significant contacts with Texas, including presence of a registered agent for service, employees, an office, assets, bank accounts, real property, or the commission of any tort within the State of Texas.

■ Pfeifer responded to the special appearance with his own assertion that Marian Dean, the witness who attested Bork's and Schroeder's signatures on the trust agreement, is a resident of Cameron County, Texas, and that this contradicts Schroeder's assertions that he has never done business in Texas. However, Pfeifer offered no affidavit or other evidence to support this assertion, or to show that Dean witnessed the trust agreement in Texas. In addition, Pfeifer has responded to Schroeder's petition for writ of mandamus by alleging a number of contacts that Schroeder allegedly had with Texas, including the transfer of certain property and liens to the trust which he controls. Pfeifer has included, as exhibits to his mandamus response, the recorded transfers of real property and assignments of real property liens to the trust, and a separate transfer of property in Texas by Schroeder and his wife to a third party. However, we have no indication that these attachments were filed in the underlying lawsuit or considered by the trial court in connection with Schroeder's special appearance. Accordingly, we may not consider them a part of the present record.

The trial court heard Schroeder's special appearance solely on the pleadings, attachments and affidavit before it at the time of the hearing, and on October 2, 1996, denied the special appearance. *See* TEX.R.CIV.P. 120a.

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). An appeal from a final judgment is ordinarily adequate to remedy denial of a special appearance, except when the trial court's assertion of personal jurisdiction is with such disregard for guiding principles of law that the harm to the defendant becomes irreparable.

*National Industrial Sand Association v. Gibson,* 897 S.W.2d 769, 771 (Tex.1995); *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 307–08 (Tex.1994); *see also CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex.1996). Moreover, when the traditional elements of personal jurisdiction are totally absent, such that there is a "total and inarguable absence of jurisdiction," ordinary appeal is considered an inadequate remedy and mandamus is appropriate. *Gibson,* 897 S.W.2d at 776; *Canadian Helicopters,* 876 S.W.2d at 309.

■ In order to comply with the Texas Long–Arm Statute and the federal constitutional requirements of due process, the plaintiff must initially show that the defendant has established "minimum contacts" with the forum state. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *In re S.A.V.,* 837 S.W.2d 80, 85 (Tex.1992); *Guardian Royal Exchange Assur., Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 230 (Tex.1991). There must be a "substantial connection" between the nonresident defendant and Texas arising from action or conduct of the nonresident defendant purposefully directed toward Texas. *Id.* When specific jurisdiction is asserted, the cause of action must arise out of, or relate to, the nonresident defendant's contacts with Texas. *Id.* When general jurisdiction is alleged, there must be continuous and systematic contacts between the nonresident defendant and Texas. General jurisdiction requires a showing of substantial activities by the nonresident defendant in Texas. *Id.*

■ In *Gibson,* the Texas Supreme Court discussed the theory that the exercise of long-arm jurisdiction based on conspiracy rests on the concept that acts of conspirators within the state in furtherance of the conspiracy are attributable to co-conspirators outside of the state, but concluded that jurisdiction over the out-of-state defendant must rest not on a conceptual device but on a finding that the non-resident, through his relationship with another, has purposely availed himself of the privilege of conducting activities within the forum state. *Id.* at 773 (citing Althouse, *The Use of Conspiracy Theory to*

*Establish In Personam Jurisdiction: A Due Process Analysis,* 52 Fordham L.Rev. 234, 252 (1983)). Accordingly, due process will not permit the plaintiff to use insignificant acts in the forum to assert jurisdiction over all co-conspirators. *Gibson,* 897 S.W.2d at 773; Althouse at 246. The Texas Supreme Court thus declined to recognize the assertion of personal jurisdiction over a nonresident defendant based solely upon the effects or consequences of an alleged conspiracy with a resident in the forum state. *Gibson,* 897 S.W.2d at 773 (alleged conspiracy between out-of-state national lobbying organization and industry, including one in-state company, to suppress information on the dangers of silica, thus endangering workers in Texas and other states).

In the present case, although Pfeifer alleges that Bork and Schroeder conspired to deprive him of his interest in partnership proceeds by means of the trust, the substance of these allegations involves merely the creation and management of an out-of-state trust, which in itself is not directed either to Texas or to Pfeifer. This is not sufficient to confer jurisdiction on the Texas trial court.

*Gibson* specifically allowed mandamus when personal jurisdiction is premised upon the bare allegations of conspiracy in the plaintiff's petition, lacking any evidence of conspiratorial acts in, or directed to, Texas. *Gibson,* 897 S.W.2d at 776. As in *Gibson,* in the present case also the trial court clearly abused its discretion by assuming personal jurisdiction over Schroeder in the absence of any evidence of conspiratorial acts in, or directed to, Texas.

We conditionally grant a writ of mandamus ordering the trial court to vacate its prior order and to grant Schroeder's special appearance. The writ will not issue, however, unless the trial court fails to comply with the opinion of this Court.