11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
In re Texas Mutual Insurance Company
                        No. 11-05-00065-CV -- Original Mandamus Proceeding
 
            This is an original mandamus proceeding stemming from an action in which the relator,
Texas Mutual Insurance Company, intervened. In its petition for writ of mandamus, relator seeks
to vacate the following actions taken by the trial court: (1) an oral order “granting Plaintiffs’ nonsuit
of all claims, except for the claim of the Estate”; (2) an oral order denying “reimbursement of
[relator’s] statutory subrogation interest”; (3) an oral order requiring relator “to continue future
payments of death benefits,” thereby denying any future credit/advance for the amount recovered by
the plaintiffs in the judgment and settlement with the defendants; and (4) the judgment insofar as it
deprives relator of its subrogation interest and future credit/advance. We deny relator’s petition for
writ of mandamus.
            Mandamus is an extraordinary remedy available “only in situations involving manifest and
urgent necessity and not for grievances that may be addressed by other remedies.” Walker v. Packer,
827 S.W.2d 833, 840 (Tex.1992). Mandamus will not issue absent “compelling circumstances.” 
Tilton v. Marshall, 925 S.W.2d 672, 681 (Tex.1996). To obtain mandamus relief, the relator must
demonstrate a clear abuse of discretion or a violation of a legal duty for which there is no adequate
remedy at law. In re Epic Holdings, Inc., 985 S.W.2d 41, 56 (Tex.1998); Walker v. Packer, supra
at 839-40. A party establishes that no adequate remedy at law exists by showing that he is in real
danger of permanently losing his substantial rights. Canadian Helicopters Limited v. Wittig, 876
S.W.2d 304, 306 (Tex.1994). 
            In this case, relator admits that it “may have a remedy by appeal” but contends that the
remedy would come too late and would cause a loss to relator’s substantial rights because of the
possible cost to relator. Generally, an appellate remedy is adequate even though it involves delay
and more expense than an extraordinary writ. In re Masonite Corp., 997 S.W.2d 194, 197
(Tex.1999). Relator has not shown that it is in danger of permanently losing any substantial rights. 
Consequently, we hold that relator has not established that it has no adequate remedy at law. See
Walker v. Packer, supra. 
            The petition for writ of mandamus is denied. 
 
                                                                                    PER CURIAM
 
March 10, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.