NO. 07-05-0445-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 12, 2005



______________________________


 

IN RE JESSICA DAWN GUEBARA, RELATOR


_______________________________


 

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON PETITION FOR WRIT OF MANDAMUS


 On December 8, 2005, relator Jessica Dawn Guebara filed a suit affecting the
parent-child relationship in which she, among other relief, asked that she be appointed sole
managing conservator of her twin boys, four years of age. Her petition contained the
allegation that the parents of the children "are or will be separated." The pleadings also
included a request for a temporary restraining order against Noe Urias, the childrens'
father. Her petition was supported by an affidavit in which she stated that the children had
been with her since their birth, that Urias had been absent from their lives for months and
that they had no relationship with him. The affidavit further described Urias's history of
violence against her.

 Relator's affidavit also stated Urias had taken the children from her home on
December 6 without her permission, and that they were being exposed to unhealthy
conditions in his possession, including drug use. Her pleadings asked the court to issue
a writ of attachment directing that the children be delivered to her.

 Presented with the request for issuance of the writ of attachment on December 8,
the trial court signed the order directing issuance of the writ but modified it to provide for
delivery of the children into the possession of Child Protective Services rather than their
mother, pending a hearing on temporary orders set for December 16. 

 Relator's petition for writ of mandamus, filed December 9, asks this court
immediately to order the trial court to direct the return of the children to their mother until
the scheduled hearing on temporary orders. Relator asserts that no allegation of abuse or
neglect has been made against her, and that Child Protective Services had no previous
involvement with the children.

 Under the established standards for the issuance of a writ of mandamus, the writ
issues to correct a clear abuse of discretion or the violation of a duty imposed by law. 
Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994). The record
presented this court consists only of relator's pleadings in the trial court and the court's
orders and writ of attachment. See Tex. Fam. Code § 105.001(c) (Vernon Supp. 2005)
(providing for attachment of child on filing of verified pleading or affidavit). Finding the
record presented does not demonstrate the trial court's action was an abuse of its
discretion, we deny relator's petition. 

 Per Curiam 



et.) (affirming dismissal of suit dismissed for noncompliance with terms of pre-filing order); see also Leonard v. Abbott, 171 S.W.3d 451, 458-59 (Tex.App.-Austin 2005,
pet. denied) (discussing appeal of actions taken under Chapter 11 of Civil Practice &
Remedies Code). Nor do we see any other reason why review of the actions of a local
administrative judge under section 11.102 by mandamus is preferable to review by direct
appeal. See In re Prudential Ins. Co. of America, 148 S.W.3d 124, 136-40 (Tex. 2004)
(orig. proceeding) (discussing adequacy of appellate remedy precluding mandamus). Like
in number 07-04-0416-CV, we conclude in this case that relator has failed to show he has
no adequate remedy by appeal.

 Moreover, we note that, in lieu of certified or sworn copies of documents showing
the matter complained of in the petition, as required by Rule of Appellate Procedure
52.3(j)(1)(A), relator's mandamus petition asks that we take judicial notice of the contents
of our file in another mandamus proceeding relator filed, our number 07-06-0359-CV. 
From an examination of our file in number 07-06-0359-CV, we find that we would be
unable to determine whether the pleading relator submitted with his petition in that
proceeding was the same as the pleading the trial court denied him permission to file in this
instance. For that reason, the record presented here would not permit us to find the trial
court action involved a clear abuse of discretion. 

 For these reasons, we must, and do, deny relator's petition for writ of mandamus.


 James T. Campbell

 Justice

1. Relator's petition was accompanied by a "motion to proceed in forma pauperis."
We have determined the motion meets the requirements of Rule of Appellate Procedure
20.1(b) and grant the motion.