NO. 07-05-0445-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 12, 2005

_____

IN RE JESSICA DAWN GUEBARA, RELATOR
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**ORDER ON PETITION FOR WRIT OF MANDAMUS**

On December 8, 2005, relator Jessica Dawn Guebara filed a suit affecting the parent-child relationship in which she, among other relief, asked that she be appointed sole managing conservator of her twin boys, four years of age. Her petition contained the allegation that the parents of the children "are or will be separated." The pleadings also included a request for a temporary restraining order against Noe Urias, the childrens' father. Her petition was supported by an affidavit in which she stated that the children had been with her since their birth, that Urias had been absent from their lives for months and that they had no relationship with him. The affidavit further described Urias's history of violence against her.

Relator's affidavit also stated Urias had taken the children from her home on December 6 without her permission, and that they were being exposed to unhealthy

conditions in his possession, including drug use.  Her pleadings asked the court to issue a writ of attachment directing that the children be delivered to her.

Presented with the request for issuance of the writ of attachment on December 8, the trial court signed the order directing issuance of the writ but modified it to provide for delivery of the children into the possession of Child Protective Services rather than their mother, pending a hearing on temporary orders set for December 16.

Relator's petition for writ of mandamus, filed December 9, asks this court immediately to order the trial court to direct the return of the children to their mother until the scheduled hearing on temporary orders.  Relator asserts that no allegation of abuse or neglect has been made against her, and that Child Protective Services had no previous involvement with the children.

Under the established standards for the issuance of a writ of mandamus, the writ issues to correct a clear abuse of discretion or the violation of a duty imposed by law. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994).  The record presented this court consists only of relator's pleadings in the trial court and the court's orders and writ of attachment.  *See* Tex. Fam. Code § 105.001(c) (Vernon Supp. 2005) (providing for attachment of child on filing of verified pleading or affidavit).  Finding the record presented does not demonstrate the trial court's action was an abuse of its discretion, we deny relator's petition.

Per Curiam

2