# NO. 12-08-00242-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | § | |
|---|---|---|
| IN RE: W.J. SAMES, RELATOR | § | ORIGINAL PROCEEDING |
| | § | |

## *MEMORANDUM OPINION*

W.J. Sames seeks a writ of mandamus requiring the respondent, the Honorable Paul E. White, Judge of the 159th Judicial District of Angelina County, Texas and presiding administrative judge, to hear his motion to recuse D. David Hearne and Robert Atherton, the panel chair and the committee chair, respectively, of the District 2B Grievance Committee.  We deny the petition.

### PREREQUISITES TO MANDAMUS

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).  A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law.  *Walker*, 827 S.W.2d at 839-40.  The relator has the burden to establish the prerequisites to mandamus.  *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994).  This burden is a heavy one.  *Id.*

### AVAILABILITY OF MANDAMUS

The Texas Supreme Court has the constitutional and statutory responsibility within the State of Texas for the lawyer discipline and disability system.  TEX. R. DISCIPLINARY P. preamble, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app A–2 (Vernon 2005).  Consequently, it has

inherent power to maintain appropriate standards of professional conduct and to dispose of individual cases of lawyer discipline and disability in a nondiscriminatory manner. *See id.* To carry out this responsibility, the court has promulgated the rules of disciplinary procedure. *See* TEX. R. DISCIPLINARY P. 1.01—15.11, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app A–2 (Vernon 2005 & Supp. 2007).

Subject to the inherent power of the supreme court, responsibility for administering and supervising lawyer discipline and disability is delegated to the board of directors of the State Bar of Texas. TEX. R. DISCIPLINARY P. preamble. This responsibility is carried out, in part, by local grievance committees, according to the rules of disciplinary procedure. *See* TEX. R. DISCIPLINARY P. 2.01, 2.05, 2.07. Texas is geographically divided into disciplinary districts that are coextensive with the districts of elected directors of the State Bar of Texas. TEX. R. DISCIPLINARY P. 2.01, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app A–2 (Vernon 2005). The elected directors of the State Bar nominate, and the president of the State Bar appoints, the members of grievance committees within each disciplinary district. TEX. R. DISCIPLINARY P. 2.02.

Each member of a grievance committee acts through panels assigned by the committee chair for summary disposition dockets and evidentiary hearings relating to the complaints pending before the committee. TEX. R. DISCIPLINARY P. 2.06. Promptly after assignment, notice must be provided to the respondent named in the complaint of the names and addresses of the panel members assigned to the complaint. *Id.* A member is disqualified or is subject to recusal as a panel member for an evidentiary hearing if a district judge would, under similar circumstances, be disqualified or recused. *Id.* Any alleged grounds for disqualification or recusal of a panel member are conclusively waived if not brought to the attention of the panel within ten days after receipt of notification of the names and addresses of members of the panel. *Id.* Grounds for disqualification or recusal not reasonably discoverable within the ten day period may be asserted within ten days after they were discovered or in the exercise of reasonable diligence should have been discovered. *Id.*

In this case, relying on Texas Rule of Civil Procedure 18a, Sames filed a motion requesting the respondent, as presiding administrative judge, to recuse Hearne and Atherton. The respondent declined to set a hearing on Sames's motion, and Sames filed this original proceeding. Rule 18a pertains solely to the recusal or disqualification of judges. TEX. R. CIV. P. 18a. Texas Disciplinary

2

Rule 2.06 sets out the procedure for seeking disqualification or recusal of a grievance committee panel member and makes no provision for disqualification or recusal by the presiding administrative judge. *See* TEX. R. DISCIPLINARY P. 2.06. Therefore, we cannot conclude that the respondent abused his discretion in declining to hear Sames's recusal motion. Because Sames has not satisfied the first prerequisite to mandamus (an abuse of discretion by the trial court), we need not address the second (unavailability of an adequate appellate remedy). Sames's petition for writ of mandamus is ***denied.***


    **BRIAN HOYLE**
Justice


Opinion delivered June 18, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)


3