NO. 12-08-00242-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




§
 

IN RE: W.J. SAMES,

RELATOR
§
 ORIGINAL PROCEEDING


§
 






MEMORANDUM OPINION


 W.J. Sames seeks a writ of mandamus requiring the respondent, the Honorable Paul E.
White, Judge of the 159th Judicial District of Angelina County, Texas and presiding administrative
judge, to hear his motion to recuse D. David Hearne and Robert Atherton, the panel chair and the
committee chair, respectively, of the District 2B Grievance Committee. We deny the petition.

Prerequisites to Mandamus


 A writ of mandamus will issue to correct a clear abuse of discretion when there is no
adequate remedy by appeal. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004); 
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion if it reaches
a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it
clearly fails to correctly analyze or apply the law. Walker, 827 S.W.2d at 839-40. The relator has
the burden to establish the prerequisites to mandamus. Canadian Helicopters Ltd. v. Wittig, 876
S.W.2d 304, 305 (Tex. 1994). This burden is a heavy one. Id. 


Availability of Mandamus


 The Texas Supreme Court has the constitutional and statutory responsibility within the State
of Texas for the lawyer discipline and disability system. Tex. R. Disciplinary P. preamble,
reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app A-2 (Vernon 2005). Consequently, it has
inherent power to maintain appropriate standards of professional conduct and to dispose of
individual cases of lawyer discipline and disability in a nondiscriminatory manner. See id. To carry
out this responsibility, the court has promulgated the rules of disciplinary procedure. See Tex. R.
Disciplinary P. 1.01--15.11, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app A-2
(Vernon 2005 & Supp. 2007). 

 Subject to the inherent power of the supreme court, responsibility for administering and
supervising lawyer discipline and disability is delegated to the board of directors of the State Bar of
Texas. Tex. R. Disciplinary P. preamble. This responsibility is carried out, in part, by local
grievance committees, according to the rules of disciplinary procedure. See Tex. R. Disciplinary
P. 2.01, 2.05, 2.07. Texas is geographically divided into disciplinary districts that are coextensive
with the districts of elected directors of the State Bar of Texas. Tex. R. Disciplinary P. 2.01,
reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app A-2 (Vernon 2005). The elected directors
of the State Bar nominate, and the president of the State Bar appoints, the members of grievance
committees within each disciplinary district. Tex. R. Disciplinary P. 2.02. 

 Each member of a grievance committee acts through panels assigned by the committee chair
for summary disposition dockets and evidentiary hearings relating to the complaints pending before
the committee. Tex. R. Disciplinary P. 2.06. Promptly after assignment, notice must be provided
to the respondent named in the complaint of the names and addresses of the panel members assigned
to the complaint. Id. A member is disqualified or is subject to recusal as a panel member for an
evidentiary hearing if a district judge would, under similar circumstances, be disqualified or recused. 
Id. Any alleged grounds for disqualification or recusal of a panel member are conclusively waived
if not brought to the attention of the panel within ten days after receipt of notification of the names
and addresses of members of the panel. Id. Grounds for disqualification or recusal not reasonably
discoverable within the ten day period may be asserted within ten days after they were discovered
or in the exercise of reasonable diligence should have been discovered. Id.

 In this case, relying on Texas Rule of Civil Procedure 18a, Sames filed a motion requesting
the respondent, as presiding administrative judge, to recuse Hearne and Atherton. The respondent
declined to set a hearing on Sames's motion, and Sames filed this original proceeding. Rule 18a
pertains solely to the recusal or disqualification of judges. Tex. R. Civ. P. 18a. Texas Disciplinary
Rule 2.06 sets out the procedure for seeking disqualification or recusal of a grievance committee
panel member and makes no provision for disqualification or recusal by the presiding administrative
judge. See Tex. R. Disciplinary P. 2.06. Therefore, we cannot conclude that the respondent abused
his discretion in declining to hear Sames's recusal motion. Because Sames has not satisfied the first
prerequisite to mandamus (an abuse of discretion by the trial court), we need not address the second
(unavailability of an adequate appellate remedy). Sames's petition for writ of mandamus is denied. 



 BRIAN HOYLE 

 Justice



Opinion delivered June 18, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.


















(PUBLISH)