Petition for Writ of Mandamus Denied and
Memorandum Opinion filed July 1, 2010,

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00518-CV



 

In Re: Budget Car Wash,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

On June 14, 2010, relator, Budget Car Wash filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this court to compel the Honorable Tom Holden, presiding judge of
the County Court at Law No. 2 of Brazoria County to vacate his order requiring
relator to pay the real party’s attorney’s fees incurred in procuring an order
to compel production of documents.

Relator, Budget Car Wash, leases property to Buc-ee’s
in Lake Jackson, Texas.  After Hurricane Ike, Buc-ee’s made repairs to a canopy
on the property, and asked relator for reimbursement because they alleged the
repairs were the responsibility of the landlord.  Relator refused to pay for
the repairs, and Buc-ee’s filed suit in May, 2009.  On July 30, 2009, Buc-ee’s
served requests for production on relator requesting production of several
documents in connection with the suit.  On October 22, 2009, because relator
failed to comply with Buc-ee’s request, Buc-ee’s filed a motion to compel
responses to production.  On November 12, 2009, the respondent signed an order
granting the motion to compel in which he ordered relator to produce the
documents and pay Buc-ee’s attorney’s fees of $500 as reimbursement for expenses
of obtaining the order.  Relator filed this petition for writ of mandamus
alleging the respondent abused its discretion in ordering sanctions in an
unreasonable amount.

Mandamus issues only to correct a clear abuse of
discretion or the violation of a duty imposed by law where there is no adequate
remedy at law.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).  Because
mandamus is an extraordinary remedy, we may not issue mandamus to supervise or
correct a trial court’s incidental rulings when there is an adequate remedy at
law, such as an appeal.  See Canadian Helicopters, Ltd. v. Wittig, 876
S.W.2d 304, 306 (Tex. 1994); Walker, 827 S.W.2d at 839–40.

Texas Rule of Civil Procedure 215.1(d) permits the
trial court to award the moving party reasonable expenses incurred in obtaining
an order on a motion to compel.  Under Rule 215, sanctions for abuse of
discovery, including an award of attorney’s fees, are subject to review on
appeal from the final judgment.  Tex. R. Civ. P. 215.1(d); In re Ford Motor
Co., 988 S.W.2d 714, 722 (Tex. 1998).  The rule specifically states that
“such an order shall be subject to review on appeal from the final judgment.” 
Because relator has an adequate remedy by appeal, it has not established its
entitlement to the extraordinary relief of a writ of mandamus.  

Accordingly, we deny relator’s petition for writ of
mandamus.

                                                                                    PER
CURIAM

 

Panel consists of Justices Anderson, Frost, and Seymore.