# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00429-CV

### In re Daniel Abraham Schwartz

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator filed a document entitled "Notice of Appeal," for a cause styled "In the Matter of the Marriage of Daniel Abraham Schwartz and Jordan Alexandra Schwartz," the body of which states, in its entirety:

> Pursuant to Rule 25.1 of the TEXAS RULES OF APPELLATE PROCEDURE, DANIEL ABRAHAM SCHWARTZ, Petitioner in the trial-court proceeding, files this *Notice of Appeal*.

> DANIEL ABRAHAM SCHWARTZ desires to appeal and seeks to alter the judgment or other appealable order rendered on May 23, 2025, by the 261st Judicial District Court, Travis County, Texas, in the suit between DANIEL ABRAHAM SCHWARTZ, Petitioner, and JORDAN ALEXANDRA SCHWARTZ, Respondent.

> This appeal will be filed with the Third Court of Appeals in Austin, Texas.

After an initial review, this Court determined that the trial court's order granting Jordana Alexandra Schwartz's motion to set aside a post-answer default judgment is a non-appealable interlocutory order and sent Relator a notice requesting a response

explaining how we could exercise jurisdiction over the appeal. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) ("Under Texas procedure appeals may be had only from final orders or judgments. . . . Interlocutory orders may be appealed only if permitted by statute."). Relator responded, "we concur that there was no final or appealable judgment entered in the trial court. However, we intended the notice of appeal to serve as a writ of mandamus."[1]

Relator's filing does not comply with the Texas Rules of Appellate Procedure's requirements for original proceedings. *See* Tex. R. App. P. 52.1–.3. Although "'[m]andamus is a remedy not restricted by 'rigid rules' that are 'necessarily inconsistent with the flexibility that is the remedy's principle virtue,'" *In re Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)), a relator must nonetheless establish that the respondent has committed a clear abuse of discretion and that relator has no adequate remedy by appeal, *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). In the absence of any argument articulating why Relator is entitled to extraordinary relief, we cannot conclude that Relator has established that the trial court abused its discretion. *See* Tex. R. App. P. 52.3(h) (requiring "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record"); *In re Arch Ins.*, No. 08-23-00223-CV, 2023 WL 7171473, at *3 n.4 (Tex. App.—El Paso Oct. 31, 2023, orig. proceeding) (mem. op.) (holding that relator waived right to mandamus relief on unbriefed issue); *In re Dawn*, No. 07-11-00316-CV, 2011 WL 4374278, at * 2 (Tex. App.—Amarillo Sept. 20, 2011, orig. proceeding) (mem. op.) ("As [relator's] petition for writ of mandamus does not comply with the requirements of Rule 52.3, we deny the petition."); *In re Kuhler*, 60 S.W.3d 381, 384–

---

[1] We have reformed the case style to comply with Tex. R. App. P. 52.1.

85 (Tex. App.—Amarillo 2001, no pet.) (orig. proceeding) (holding that relator waived right to mandamus relief where "[n]o substantive analysis was offered").

Accordingly, we deny mandamus relief without prejudice. *See* Tex. R. App. P. 52.8(a).

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Filed: October 17, 2025