NO. 07-01-0076-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 18, 2001

______________________________

IN RE: TURNER CONSTRUCTION COMPANY OF TEXAS, ET AL.

_________________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

MEMORANDUM OPINION
(footnote: 1) 

ON PETITION FOR WRIT OF MANDAMUS

Relators Turner Construction Company of Texas and David Wood Construction Company, Inc., petition for a writ of mandamus directed to respondent, the Honorable Mackey Hancock, Judge of the 99
th
 District Court of Lubbock County.  Relators assert that they are entitled to mandamus relief because respondent (1) entered an order limiting the testimony of an expert witness designated by relators, and (2) denied relators’ motion to designate new expert witnesses after respondent vacated the original trial date of January 15, 2001.  We deny the petition.   

On March 16, 2000, respondent signed a Scheduling Order (the Order) in cause number 97-561,408 in the 99th
 District Court (the underlying action).  The Order provided that it “shall apply to this case unless modified by the Court.”  The Order (1) contained a paragraph addressing designation of expert witnesses, and (2) set January 15, 2001, as a trial date.  The paragraph addressing designation of expert witnesses provided that expert witness designations “must be filed by” July 15, 2000, for plaintiffs and by September 1, 2000, for defendants, who are relators in this matter.  The paragraph also directed that certain information be provided as to the experts when designation was made, and provided that experts not listed in compliance with the paragraph would not be permitted to testify absent a showing of good cause.  The underlying action was filed in 1997, but as to matters relevant to the pending petition for writ of mandamus, the parties utilized discovery procedures promulgated by the 1999 amendments to the Texas Rules of Civil Procedure, including requests for disclosure.  
See
 
Tex. R. Civ. P.
 194. 

      Pursuant to a post-expert-designation motion for sanctions, respondent entered an order restricting testimony which could be given at trial by Jack Sink, Ed.D., one of the experts relators designated.  Respondent also continued the trial setting of January 15, 2001, because of what he found to be an improper inventory of documents furnished by relators.  Further, respondent denied a motion by relators to designate new expert witnesses after the January trial setting was continued.

A writ of mandamus is an extraordinary remedy that will issue (1) only to correct a clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no other adequate remedy by law.  
Canadian Helicopters Ltd. v. Wittig
, 876 S.W.2d 304, 305 (Tex. 1994). 
 It is the relator’s burden to show entitlement to the relief being requested.  
See
 
generally
 
Johnson v. Fourth District Court of Appeals
, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). 
 
Merely showing reversible error will not satisfy the second requirement.  
In re Masonite Corp.
, 997 S.W.2d 194, 199 (Tex. 1999).  The second requirement is met only when parties are in danger of permanently losing substantial rights if the ruling of the trial court is allowed to stand.  
Canadian Helicopters Ltd.
, 876 S.W.2d at 306.  The requirement is not satisfied by showing that appeal would involve more expense or delay than obtaining a writ of mandamus.  
Id
. 

In discovery matters, a party will not have an adequate remedy by appeal (1) when the appellate court would not be able to cure the trial court error, such as when the trial court orders disclosure of privileged information which will materially affect the rights of the aggrieved party; (2) when the party’s ability to present a viable claim or defense at trial is vitiated or severely compromised by the error; or (3) when the trial court disallows discovery and the missing discovery cannot be made part of the appellate record, or the trial court refuses to make it a part of the record, and the appellate court is unable to evaluate the effect of the trial court’s error on the record before it.  
Walker v. Packer
, 827 S.W.2d  833, 843-44 (Tex. 1992)
. 

At oral submission the parties agreed that the issues presented in the petition for writ of mandamus involved discovery matters and the extent to which the trial court’s rulings affected the ability of relators to present defenses at trial.  
See
 
id
.  Assuming, without deciding, that respondent abused his discretion as alleged by relators, the record presented does not meet the burden imposed upon relators to show that they have no adequate remedy by appeal.  Relators sought permission of the trial court to designate new experts in place of both the expert whose testimony had been limited by respondent’s sanction order, and the liability expert originally designated by relators.  Respondent’s rulings have not precluded relators from offering testimony of their originally-designated expert on liability.  Nor does the record at this stage of the proceedings reflect the final effect of respondent’s rulings as to Dr. Sink, whose testimony has been limited to opinions noted as of September 1, 2000.  The record before us does not show such a vitiation or severe compromise of relators’ ability to present a claim or defense at trial as warrants our intervention in the trial court’s pre-trial management of its docket and discovery proceedings.  
See
 
id
.; 
Canadian Helicopters Ltd.
, 876 S.W.2d at 306.

          The petition for writ of mandamus is denied.  Neither our opinion nor denial of mandamus relief is intended to imply or express any opinion as to the matters before us if presented on direct appeal. 

Per Curiam

Do not publish.   

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.1.