NO. 07-01-0170-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 1, 2001

______________________________

IN RE: RAYMOND CHARLES LEE, RELATOR

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Relator Raymond Charles Lee applies for a writ of mandamus directing respondent, Honorable Abe Lopez, to consider and act upon a “Motion to Enter Nunc Pro Tunc Order.”  We deny the petition.  

By Petition for Mandamus relator claims that he filed a Motion to Enter Nunc Pro Tunc Order in cause numbers 38071 E and 38073 E in the 108th
 District Court of Potter County, Texas.  The documents presented with the petition include copies of (1) a letter from relator directed to the District Clerk of Potter County purportedly filing such motion, and which copy appears to bear a filing mark by the office of the District Clerk indicating a date of October 29, 1999, and (2) a letter from relator directed to the District Clerk inquiring whether any action has “applied to” the motion.  The documents accompanying relator’s petition do not contain any document reflecting a request that respondent act on the Motion to Enter Nunc Pro Tunc, or that the Motion has been presented to respondent for action.  Nor does relator’s petition applying for writ of mandamus show that it has been served on respondent.  
 

A writ of mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law.  
Canadian Helicopters Ltd. v. Wittig
, 876 S.W.2d 304, 305 (Tex. 1994).   To establish an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and principles.  
Downer v. Aquamarine Operators
, 701 S.W.2d 238, 241-42 (Tex. 1985). 
 It is the relator’s burden to show entitlement to the relief being requested.  
See
 
generally
 
Johnson v. Fourth District Court of Appeals
, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). 
 And, a court is not required to consider a motion not called to its attention.  
Metzger v. Sebek
, 892 S.W.2d 20, 49 (Tex.App.--Houston [1st Dist.] 1994, writ denied).

Relator has not furnished proof that his motion has been presented to respondent for consideration or hearing, or that he has requested that it be presented to respondent for consideration or hearing.  His petition requesting that a writ of mandamus be issued directing respondent to take action does not reflect that respondent has been served with a copy.  The petition and documents furnished do not prove that respondent is even aware of the existence of relator’s Motion to Enter Nunc Pro Tunc Order.  

As noted above, a trial court is not required to consider, and does not abuse its discretion in failing to consider or rule on, a motion not called to the court’s attention.  Relator has not proved his entitlement to a writ of mandamus.

Relator’s petition for writ of mandamus is denied.  TRAP 52.8(a). 

Phil Johnson

    Justice

Do not publish.