NO. 07-01-0179-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 26, 2001



______________________________




GEORGE QUISENBERRY AND BETTY QUISENBERRY, APPELLANTS



V.



TOMMY ENGLISH AND WIFE, JANA ENGLISH,


INDIVIDUALLY AND D/B/A JC TRUCKING, APPELLEES




_________________________________



FROM THE 110TH DISTRICT COURT OF FLOYD COUNTY;



NO. 9307; HONORABLE JOHN R. HOLLUMS, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellants George Quisenberry and Betty Quisenberry appeal from a default
judgment entered against them in an action by appellees Tommy English and wife, Jana
English, individually and d/b/a JC Trucking, to recover sums of money allegedly owed by
appellants. For the reasons expressed, we dismiss the appeal.

 The clerk's record was filed on May 24, 2001. However, no reporter's record has
been filed because it has not been designated by appellants. We notified appellants by
letter dated June 14, 2001, that if we did not receive the reporter's record within 30 days,
we would proceed to consider and decide those issues or points that did not require a
reporter's record for decision. Tex. R. App. P. 37.3 (c). We next notified appellants by
letter dated October 25, 2001, that they had not filed a brief or a motion for extension of
time to file one, and that unless a response reasonably explaining that failure, together
with a showing that appellees have not been significantly injured due to such failure was
received by November 6, 2001, we would dismiss the appeal for want of prosecution. Tex.
R. App. P. 38.8(a)(1). No such response has been received. 

 Accordingly, the appeal must be and hereby is dismissed.


 John T. Boyd

 Chief Justice


Do not publish.



/span>

JULY 27, 2009
______________________________

IN RE R. WAYNE JOHNSON, RELATOR
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Relator R. Wayne Johnson, acting pro se, filed a petition seeking relief by writ of
mandamus. We will deny his petition. 
          According to his petition, relator seeks a writ of mandamus against the Honorable
John B. Board, judge of the 181st District Court of Potter County. The petition asserts that
Judge Board, in his capacity as local administrative judge,


 abused his discretion by
refusing to sign an order relator submitted that would have allowed him to file a civil suit. 
          Relator’s petition includes a copy of an order entered in June 2001 in the District
Court of Bee County, granting a motion to declare relator a vexatious litigant. The order
further prohibits relator from filing suit in Texas courts without permission of a local
administrative judge. See Tex. Civ. Prac. & Rem. Code Ann. §§ 11.051 (providing for
motions for determination that plaintiff is vexatious litigant), 11.101 (providing for pre-filing
orders) (Vernon 2002).


 See also In re Johnson, No. 07-06-0359-CV, 2006 WL 2919071
(Tex.App.–Amarillo October 12, 2006) (orig. proceeding) (recognizing relator’s status as
vexatious litigant).
          Courts will issue mandamus to correct a clear abuse of discretion or the violation
of a duty imposed by law when there is no other adequate remedy available by appeal. 
In re Prudential Ins. Co. of America, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig.
proceeding); Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig.
proceeding); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). It is
the relator's burden to show entitlement to the relief being requested. See generally
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).
          To our knowledge, no court has found that a local administrative judge’s denial of
permission to a vexatious litigant to file suit is reviewable by mandamus. See Tex. Civ.
Prac. & Rem. Code Ann. § 11.102 (Vernon 2002) (providing for such permission). It is not
necessary for us to determine that question here, and we do not address it. Even
assuming mandamus to be available in a proper case, relator’s petition does not
demonstrate his entitlement to mandamus relief.
 
          By his petition, relator contends that Chapter 11 of the Civil Practice and Remedies
Code does not apply to him because the 2001 order of the Bee County District Court
declaring him a vexatious litigant is void. He points out the Attorney General of Texas was
a defendant in the Bee County case in which the order was entered, and asserts that the
Attorney General submitted the motion asking that he be declared a vexatious litigant. He
further cites section 402.021 of the Government Code, and points to its language that the
Attorney General shall prosecute and defend all actions in which the State is interested
before the Supreme Court and Courts of Appeals. Tex. Gov’t Code Ann. § 402.021
(Vernon 2005). From this statute, relator reasons that the Attorney General had no
authority to appear in the Bee County District Court, and so had no authority to submit the
motion under section 11.051, rendering the District Court’s order void. 
          Relator’s reasoning is faulty, for several reasons. We will mention three. First,
section 11.101 does not require that a party to litigation file a motion for the entry of a pre-filing order against a person determined to be a vexatious litigant. That section provides
a court may enter a pre-filing order on its own motion. Tex. Civ. Prac. & Rem. Code Ann.
§ 11.101 (Vernon 2002). Second, the Bee County District Court’s pre-filing order reflects
the style of that litigation as “R. Wayne Johnson A.K.A. “Legal Eagle,” plaintiff v. John
Cornyn, Attorney General and Andy Taylor, defendants.” Nothing in relator’s mandamus
petition demonstrates what claims he asserted against then-Attorney General Cornyn in
Bee County, or in which capacity the defendants were sued, so it is not clear that any
particular statutory authority was necessary for them to defend the action against them. 
Third, section 402.021 is not the only basis for the Attorney General’s representation of the
State in litigation. See Tex. Const. art. IV, § 22. See also El Paso Elec. Co. v. Texas Dept.
Of Ins., 937 S.W.2d 432, 438-439 (Tex. 1996) (the legislature, pursuant to the authority
delegated to it under article IV, section 22, may empower the Attorney General to represent
the State in district court). For these reasons, and others not necessary to discuss, relator’s
petition would not authorize issuance of a writ of mandamus, assuming mandamus to be
available.
          Accordingly, relator’s petition is denied.
 
                                                                           James T. Campbell

                                                                                     Justice