NO. 07-03-0306-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 16, 2003

_____

IN RE CITY OF CANYON, RELATOR

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION

City of Canyon, Texas, relator, seeks issuance of writ of mandamus against the

Honorable David Gleason, respondent, directing respondent to vacate a temporary

injunctive order directing the City to take certain actions and to refrain from taking other

actions. We deny the petition for writ of mandamus.

BACKGROUND

The City of Canyon, Texas is a home rule municipality. Article XIV of the City's

Charter contains procedures for Initiative (Section 14.01) and Referendum (Section 14.02).

Pursuant to provisions of the City's zoning ordinance, proposals were presented for

re-zoning two tracts of land in the City from SF-S (single family residential) to RC-2

(commercial). The Zoning Commission of the City recommended that the proposals be denied. On April 7, 2003, the City Commission unanimously approved the requested proposals by adopting amendments to the zoning ordinance ("the amendments").

As a result of the City Commission's adoption of the amendments, Kevin Fehr and Brian Goss (real parties in interest), two individuals alleging themselves to be citizens, residents and qualified voters of Canyon, filed suit in the 47th District Court of Randall County (the "lawsuit") against the City and its Mayor, Lois Rice.[1] Allegations in the lawsuit are, in substance, that pursuant to the Initiative and Referendum provisions of the City Charter, Fehr, Goss and others presented a petition to the City Clerk on May 2, 2003. The petition sought (1) submission of the re-zoning matters to a popular vote of the City's voters pursuant to Section 14.01 of the City Charter if the City Commission did not adopt the proposal in the petition disapproving the re-zoning requests; and (2) reconsideration by the City Commission of the amendments pursuant to Section 14.02 of the City Charter, and submission of the proposed re-zoning requests to a referendum election if the Commission did not repeal the previously-adopted amendments. The lawsuit seeks temporary and permanent injunctive relief, or, in the alternative, a writ of mandamus suspending the amendments and directing the City Clerk and the City to submit the re-zoning matters to an election as Fehr and Goss contend is required by the City Charter.

---

[1]Mayor Rice was sued only in her capacity as Mayor.

The City's answer, in part, challenged the trial court's subject-matter jurisdiction. The City asserted that it had sovereign immunity from suit and that Fehr and Goss lacked standing to assert the claims made.

Following a hearing, the trial court signed an order dated June 30, 2003, denying the City's challenge to its jurisdiction. In the same order the trial court also granted temporary injunctive relief by (1) suspending the amendments from taking effect; (2) directing that the City not issue a building permit or approve a site plan for uses permitted by the amendments as to the tracts involved; and (3) ordering the City Clerk to present the petition for initiative and referendum to the City Commission at the earliest time allowed by law. The City filed an interlocutory appeal from the trial court's ruling. That appeal is currently pending in this court.

In this separate original proceeding the City seeks immediate temporary relief from the trial court order. The City also requests that we (1) hold that the trial court was without subject matter jurisdiction and the lawsuit should be dismissed; and (2) issue mandamus directing Judge Gleason to vacate his order dated June 30, 2003, so that the order will not be enforced against the City during the pendency of its interlocutory appeal.

MANDAMUS RELIEF

A writ of mandamus is an extraordinary remedy that will issue (1) only to correct a clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no other adequate remedy by law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304,

3

305 (Tex. 1994). Mandamus will not issue when a clear and adequate remedy at law exists, such as a normal appeal. See Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). When an appellate remedy exists, mandamus relief will only be warranted in the event relator demonstrates truly extraordinary circumstances. See In re Masonite Corp., 997 S.W.2d 194, 198-99 (Tex. 1999). It is the relator's burden to show entitlement to the relief being requested. See, generally, Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Merely showing reversible error will not satisfy this requirement. See In re Masonite Corp., 997 S.W.2d at 198-99. Nor will merely showing that appeal will involve more expense or delay than obtaining a writ of mandamus. See Canadian Helicopters Ltd., 876 S.W.2d at 306. The second requirement for mandamus relief is met only when parties are in danger of permanently losing substantial rights if the ruling of the trial court is allowed to stand. Id.

The Legislature has granted authority for cities to appeal from trial court interlocutory orders denying their pleas to the jurisdiction. See TEX. CIV. PRACT. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2003). A party is likewise statutorily authorized to appeal from an interlocutory trial court order granting a temporary injunction. See id. § 51.014(a)(4).

## DISCUSSION AND CONCLUSION

The City has a legal remedy by appeal. It is currently pursuing that remedy. The limited record before us does not demonstrate such truly unusual circumstances as

warrant the extraordinary remedy of mandamus.  See In re Masonite Corp., 997 S.W.2d at 199; Canadian Helicopters Ltd., 876 S.W.2d at 306; Walker, 827 S.W.2d at 840, 842. Accordingly, we decline to issue the requested writ.

The City's petition for writ of mandamus is denied.  Our prior order granting emergency relief in this proceeding is withdrawn.

Per Curiam