Opinion issued March 18, 2004











In The
Court of Appeals
For the
First District of Texas
____________

NO. 01–04–00187–CV
____________

IN RE DEAN EDWARD ELLIOTT, Relator




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINIONRelator Dean Edward Elliott has filed a petition for a writ of mandamus
complaining of Judge Hufstetler’s


 January 23, 2004 order on a petition to modify the
parent–child relationship. Elliott contends Judge Hufstetler wrongfully increased
Elliott’s child–support obligations. Elliott has also filed a motion for temporary
relief.
          A court of appeals may issue a writ of mandamus, “agreeable to the principles
of law regulating those writs,” against a judge of a district or county court in the court
of appeals district. Tex. Gov’t Code Ann. § 22.221(b)(1) (Vernon 2004). We may
grant mandamus relief to correct a clear abuse of discretion or a violation of a duty
imposed by law when there is no adequate remedy by appeal. Canadian Helicopters
Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833,
839 (Tex. 1992); Johnson v. Honorable Fourth Court of Appeals, 700 S.W.2d 916,
917 (Tex. 1985).
          Elliott claims he has no adequate remedy by appeal due to the allegedly
excessive increase in his child–support obligations. Even if that were true, Elliott has
another remedy available to him. He can refuse to pay the ordered child support, and
if the trial court holds him in contempt and confines him, Elliott can file a petition for
a writ of habeas corpus. See Tex. Gov’t Code Ann. § 22.221(d) (Vernon 2004);
Tex. R. App. P. 52. This is the established remedy for challenging child–support
orders.
 
 
 
          We deny both the petition for a writ of mandamus and the motion for temporary
relief.
 
PER CURIAM
Panel consists of Chief Justice Radack and Justices Taft and Higley.