NO. 07-04-0344-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 7, 2004

_____


IN RE: JUDY LAWRENCE, AS TRUSTEE OF THE A. M. & J.,
COLDWATER, AND RED RIVER TRUSTS, RELATOR
_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Judy Lawrence, as Trustee of the A.M. & J., Coldwater, and Red River Trusts, relator, proceeding *pro se*, commenced this original proceeding by filing a "Petition for an Emergency Writ of Mandamus" and "Motion for Temporary Relief and Stay of Proceedings." It is the latest in a series of petitions relator has filed concerning the same subject. We will dismiss the petition for want of jurisdiction in part and deny it in part.

While relator's petition states various claims and complaints, her prayer for relief requests we order respondent, the Honorable Ron Enns, Judge of the 69th Judicial District Court, Dallam County, to take actions to enforce an opinion and judgment issued by this Court on March 14, 1995, in Cause Number 07-94-0178-CV.

Relator also requests that we order attorney Kyle Lewis and his client, Eddie Stafford,[1] who are not named as respondents in the petition, to "immediately cease their unlawful and fraudulent actions." In addition, relator requests that we order Mr. Stafford to return property in Alamosa County, Colorado, in contravention of a judgment issued by the District Court of Alamosa County.[2]

Relator and a co-trustee presented a similar request in January 2004 in the form of a "Complaint for an Emergency Preliminary Injunction and Permanent Injunctive Relief [And Damages]."[3] Dismissing that proceeding for want of jurisdiction, we explained:

> [T]he judgment of an appellate court is enforced at the trial court level after the mandate from the appellate court is received by the trial court clerk and the process of enforcing the judgment commences. Mandate in our 1995 decision was issued on May 24, 1995. . . . Because our mandate in the referenced proceeding was issued in 1995, we have no jurisdiction to grant the relief requested.

Relator filed a similar petition, seeking a writ of mandamus, with this Court on April 19, 2004. That petition was denied.[4]

---

[1]Eddie Stafford is independent administrator for the Estate of Alex Stafford, Deceased. Kyle Lewis is attorney for Mr. Stafford in his capacity as independent administrator.

[2]The judgment vested title to the property in the Estate of Alex Stafford, Deceased.

[3]*In re Greenstreet*, No. 07-04-0015-CV, 2004 Tex.App. LEXIS 477 (Tex.App.–Amarillo January 16, 2004) (orig. proceeding).

[4]*In re Lawrence,* No. 07-04-0239-CV, 2004 Tex.App. LEXIS 3518 (Tex.App.–Amarillo April 20, 2004) (orig. proceeding).

A court of appeals has the authority to issue a writ of mandamus against a judge of a district or county court in the court of appeals' district and all writs necessary to enforce its jurisdiction. Tex. Gov't Code Ann. § 22.221(a),(b) (Vernon 2004). We have jurisdiction to issue a writ of mandamus to Mr. Lewis and Mr. Stafford, then, only to the extent necessary to enforce our jurisdiction. Relator's petition points out that there is currently pending before this Court[5] an appeal of trial court action in a case apparently involving possession of the same property as is described in relator's petition, and that there are pending in the 69th District Court, Dallam County, two actions also involving that property. Relator's petition does not explain, though, and we do not perceive, that issuance of the writ relator seeks is necessary to enforce our appellate jurisdiction. In these circumstances, we have no jurisdiction to grant relator's petition seeking writ of mandamus addressed to Kyle Lewis and Eddie Stafford.

A writ of mandamus is an extraordinary remedy that will issue (1) only to correct a clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no other adequate remedy by law. *See Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Such a limitation on the issuance of writs of mandamus is necessary to preserve orderly trial proceedings and prevent constant interruption of the trial process by appellate courts. *See Canadian Helicopters,* 876 S.W.2d at 305. In most circumstances, an appeal will provide an adequate remedy for any trial court error, making

---

[5]The pending appeal is No. 07-04-00262-CV, on appeal from the Dallam County Court, Dallam County, Texas.

-3-

mandamus relief unavailable. *See id* at 306. It is the relator's burden to show entitlement to the relief being requested. *See generally Johnson v. Fourth District Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

Although it is not clear that relator seeks relief in her present petition directing Judge Enns to consider and act on the Complaint for Emergency Preliminary Injunction, Permanent Injunctive Relief, and __Damages__ relator filed in the trial court's cause number 10178 (as did her April 19, 2004 petition), relator's petition discusses that pleading and others she has filed in that cause.

We denied relator's April 19, 2004, petition because she did not demonstrate her entitlement to mandamus relief. Nor does this present petition demonstrate entitlement to mandamus relief directing the trial court to take any action with respect to relator's pleadings filed in cause number 10178. Relator refers in her petition to an April 22, 2004, letter to Judge Enns, but no copy of the letter accompanies her petition, nor does her petition show that the letter was brought to his attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001) (orig. proceeding). Relator's petition refers also to a stipulation dated February 18, 2004, and filed in cause number 10178. She contends her signature on the stipulation was obtained by coercion, and that it should be stricken. Resolution of such a question likely would involve the reconciliation of disputed factual matters, which is not permitted in a mandamus proceeding. *See Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 60 (Tex. 1991) (orig. proceeding).

Finally, relator's petition refers also to a partition action pending in trial court cause number 10238 and a related cause, 10238-A. The petition does not demonstrate, though, why relator does not have an adequate remedy through appeal of a judgment entered in that cause for the errors she perceives. Mandamus relief is not available unless that requirement is satisfied. *Canadian Helicopters*, 876 S.W.2d at 305.

To the extent "Relator's Petition for Emergency Writ of Mandamus" seeks a writ of mandamus addressed to Kyle Lewis and Eddie Stafford, it is dismissed for want of jurisdiction; to the extent it seeks a writ addressed to the Honorable Ron Enns, District Judge, 69th Judicial District Court, Dallam County, it is denied. Relator's "Motion for Temporary Relief and Stay of Proceedings" filed with her petition, and the second motion of the same title filed this date, are denied as moot.

Per Curiam