Opinion issued November 10, 2004 


 
 












In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00960-CR
____________

IN RE CHARLES FRANKLIN IRELAND, Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
               Relator, Charles Franklin Ireland, filed in this Court a pro se petition for
writ of mandamus asking that we order respondent


 to conduct a hearing. According
to relator’s petition, in cause number 516028, he filed a motion in June 2004 in both
the 338th District Court and the Fourteenth Court of Appeals for “DNA Hearing
Records to be Checked-Out on Loan to [Relator].” Also according to the petition,
both the district court and the appellate court denied the motion in July 2004. As we
understand the petition, relator contends that the trial court abused its discretion by
not conducting a hearing on his pro se motion for the DNA hearing record.



               A writ of mandamus will issue to correct a clear abuse of discretion or the
violation of a duty imposed by law when there is no adequate remedy at law. 
Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig.
proceeding). If the respondent trial court has a legal duty to perform a
nondiscretionary act, the relator must make a demand for performance that the
respondent refuses. Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st
Dist.] 1992, orig. proceeding). The relator must also provide this Court with a
sufficient record to establish his right to mandamus relief. Walker v. Packer, 827
S.W.2d 833, 837 (Tex. 1992).
               Relator has not met the requirements of Walker v. Packer in that he has not
provided us with a record showing that he filed any motions or otherwise requested
relief from respondent. In addition, we are not persuaded that the trial court had a
duty imposed by law to conduct a hearing before ruling on relator’s motion requesting
DNA hearing records, or that the trial court abused its discretion by failing to do so. 
               Therefore, the petition for writ of mandamus is denied.
PER CURIAM
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).