NO. 07-04-0568-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 20, 2004

_____

IN RE R. WAYNE JOHNSON, RELATOR

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**
**ON PETITION FOR WRIT OF MANDAMUS**

Relator R. Wayne Johnson brings this petition for writ of mandamus directed against the Honorable Don Emerson, judge of the 320th District Court of Potter County. Relator seeks a writ directing Judge Emerson to issue arrest warrants for three officials of the prison where he is incarcerated. Unpersuaded relator has met his burden to show entitlement to issuance of a writ of mandamus, we will deny the petition.

Relator is an inmate at the Clements Unit of the Institutional Division of the Texas Department of Criminal Justice. Many of the facts relevant to relator's present petition are unclear, but it appears that in August 2004 he either had suits pending against prison

officials and others or anticipated filing suits.[1]  Relator sent letters to several defendants or potential defendants seeking to settle his claims against them.  Relator has not provided copies of any of the letters.  A prison disciplinary report attached to relator's mandamus petition describes one letter as instructing its recipient to deposit $2,500 in relator's inmate trust account to settle his claim against her, indicating if she did not settle she would spend between $10,000 and $30,000 defending the suit.

As a result of this letter, prison officer Daisha Simmons filed a prison disciplinary complaint charging relator with extortion in violation of prison rule 5.1.  Relator filed a written response to the charge and through the prison disciplinary process he was found to have violated the rule.  According to relator this violation resulted in the loss of one year of accrued good time credit and "line class."  Relator's appeal of the matter through the prison grievance system was unsuccessful.

On November 2, 2004, relator sent a document entitled "criminal complaint" together with a four-page letter to Judge Emerson.  The "complaint" alleged unit warden J. Grimer, Simmons and prison grievance coordinator Mary Jones had committed the criminal offenses of official oppression under Penal Code § 39.03, and tampering with governmental records under Penal Code § 37.10.  Relator's letter asked Judge Emerson to initiate a court of inquiry pursuant to article 52.01 of the Code of Criminal Procedure and issue arrest warrants for Grimer, Jones and Simmons.  His letter also made reference to the canons of judicial conduct and asserted the failure to grant his request would make Judge Emerson

---

[1]We take judicial notice from this court's docket that relator has filed several pro se civil suits against prison officials and others during his tenure in the Institutional Division.

"also criminally responsible" for "aiding" in the offenses relator asserts have been committed against him. Relator filed his petition for writ of mandamus December 8, 2004, asserting that Judge Emerson took no action on the complaint.

A writ of mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). It is the relator's burden to show entitlement to the relief being requested. *See generally Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator's petition seeks a writ requiring the trial court to issue arrest warrants against each of the real parties in interest. Relator argues that under articles 7.01 and 15.03 of the Code of Criminal Procedure Judge Emerson has a ministerial duty to issue the warrants he seeks.

Chapter Seven of the Code of Criminal Procedure governs "Proceedings Before Magistrates to Prevent Offenses." Article 7.01 provides:

> Whenever a magistrate is informed upon oath that an offense is about to be committed against the person or property of the informant, or of another, or that any person has threatened to commit an offense, the magistrate shall immediately issue a warrant for the arrest of the accused: that he may be brought before such magistrate or before some other named in the warrant.

Tex. Code Crim. Proc. Ann. art. 7.01 (Vernon 1981).

There are at least two reasons why relator's argument fails to show the court below abused its discretion or violated a mandatory duty. First, relator's "complaint" alleged the three officials for whom he sought arrest committed offenses in the past, not that they were

about to commit an offense in the future. Secondly, article 7.01 does not require a magistrate to accept a complainant's contention that particular conduct constitutes an offense. With regard to relator's contention the real parties in interest made a false entry in a governmental record, he does not appear to challenge the factual basis of the events giving rise to the charge, only that prison officials erred in treating those actions as extortion under the prison rules. Relator has failed to present any evidence of the contents of the prison rule at issue. Moreover, we cannot agree that relator's disagreement with prison officials over the characterization of his conduct shows that acting on their view of the rule made the officials' documentation of the charge against relator "false" under Section 37.10(a) of the Penal Code. Similarly, with regard to relator's allegation of official oppression, nothing in his complaint required Judge Emerson to conclude the officials intentionally took any action "knowing [their] conduct is unlawful." *See* Tex. Penal Code Ann. § 39.03(a) (Vernon 2003).

Relator next contends article 15.03 makes the issuance of an arrest warrant a ministerial duty which Judge Emerson failed to perform. Relator quotes a portion of that statute providing a summons "shall summon the defendant to appear before a magistrate[.]" Tex. Code Crim. Proc. Ann. art 15.03(b) (Vernon 1981). The sentence from which relator quotes reads "A summons may be issued in any case where a warrant may be issued, and shall be in the same form as the warrant except that it shall summon the defendant to appear before a magistrate at a stated time and place." Taken in context, the passage quoted by relator speaks only to the contents of a summons, and does not make

the issuance either of a warrant or a summons a ministerial duty.  Relator's petition again fails to show Judge Emerson abused his discretion or violated a duty imposed by law.

Our conclusion that relator has not demonstrated that Judge Emerson has violated a duty imposed by law disposes also of relator's contention that Judge Emerson failed to comply with the language of Canon 2 of the Code of Judicial Conduct stating that a judge "shall comply with the law."  Tex. Code Jud. Conduct, Canon 2(A), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. B (Vernon 1998).  Relator has not shown Judge Emerson's failure to issue arrest warrants was a violation of the Code of Judicial Conduct.[2]

For these reasons, relator's petition does not show entitlement to a writ of mandamus, and is denied.

James T. Campbell
Justice

---

[2]Relator also contends the requirements of the Code of Judicial Conduct are enforceable against a trial judge by mandamus.  We need not address this proposition, but we note the cases relator cites do not support it.