NO. 07-04-0568-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 20, 2004



______________________________




IN RE R. WAYNE JOHNSON, RELATOR



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


ON PETITION FOR WRIT OF MANDAMUS



 Relator R. Wayne Johnson brings this petition for writ of mandamus directed against
the Honorable Don Emerson, judge of the 320th District Court of Potter County. Relator
seeks a writ directing Judge Emerson to issue arrest warrants for three officials of the
prison where he is incarcerated. Unpersuaded relator has met his burden to show
entitlement to issuance of a writ of mandamus, we will deny the petition.

 Relator is an inmate at the Clements Unit of the Institutional Division of the Texas
Department of Criminal Justice. Many of the facts relevant to relator's present petition are
unclear, but it appears that in August 2004 he either had suits pending against prison
officials and others or anticipated filing suits. (1) Relator sent letters to several defendants or
potential defendants seeking to settle his claims against them. Relator has not provided
copies of any of the letters. A prison disciplinary report attached to relator's mandamus
petition describes one letter as instructing its recipient to deposit $2,500 in relator's inmate
trust account to settle his claim against her, indicating if she did not settle she would spend
between $10,000 and $30,000 defending the suit. 

 As a result of this letter, prison officer Daisha Simmons filed a prison disciplinary
complaint charging relator with extortion in violation of prison rule 5.1. Relator filed a
written response to the charge and through the prison disciplinary process he was found
to have violated the rule. According to relator this violation resulted in the loss of one year
of accrued good time credit and "line class." Relator's appeal of the matter through the
prison grievance system was unsuccessful.

 On November 2, 2004, relator sent a document entitled "criminal complaint" together
with a four-page letter to Judge Emerson. The "complaint" alleged unit warden J. Grimer,
Simmons and prison grievance coordinator Mary Jones had committed the criminal
offenses of official oppression under Penal Code § 39.03, and tampering with governmental
records under Penal Code § 37.10. Relator's letter asked Judge Emerson to initiate a court
of inquiry pursuant to article 52.01 of the Code of Criminal Procedure and issue arrest
warrants for Grimer, Jones and Simmons. His letter also made reference to the canons of
judicial conduct and asserted the failure to grant his request would make Judge Emerson
"also criminally responsible" for "aiding" in the offenses relator asserts have been
committed against him. Relator filed his petition for writ of mandamus December 8, 2004,
asserting that Judge Emerson took no action on the complaint. 

 A writ of mandamus issues only to correct a clear abuse of discretion or the violation
of a duty imposed by law when there is no other adequate remedy at law. Canadian
Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). It is the
relator's burden to show entitlement to the relief being requested. See generally Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator's
petition seeks a writ requiring the trial court to issue arrest warrants against each of the real
parties in interest. Relator argues that under articles 7.01 and 15.03 of the Code of
Criminal Procedure Judge Emerson has a ministerial duty to issue the warrants he seeks.

 Chapter Seven of the Code of Criminal Procedure governs "Proceedings Before
Magistrates to Prevent Offenses." Article 7.01 provides:

 Whenever a magistrate is informed upon oath that an offense is about to be
committed against the person or property of the informant, or of another, or
that any person has threatened to commit an offense, the magistrate shall
immediately issue a warrant for the arrest of the accused: that he may be
brought before such magistrate or before some other named in the warrant. 


Tex. Code Crim. Proc. Ann. art. 7.01 (Vernon 1981). 

 There are at least two reasons why relator's argument fails to show the court below
abused its discretion or violated a mandatory duty. First, relator's "complaint" alleged the
three officials for whom he sought arrest committed offenses in the past, not that they were
about to commit an offense in the future. Secondly, article 7.01 does not require a
magistrate to accept a complainant's contention that particular conduct constitutes an
offense. With regard to relator's contention the real parties in interest made a false entry
in a governmental record, he does not appear to challenge the factual basis of the events
giving rise to the charge, only that prison officials erred in treating those actions as extortion
under the prison rules. Relator has failed to present any evidence of the contents of the
prison rule at issue. Moreover, we cannot agree that relator's disagreement with prison
officials over the characterization of his conduct shows that acting on their view of the rule
made the officials' documentation of the charge against relator "false" under Section
37.10(a) of the Penal Code. Similarly, with regard to relator's allegation of official
oppression, nothing in his complaint required Judge Emerson to conclude the officials
intentionally took any action "knowing [their] conduct is unlawful." See Tex. Penal Code
Ann. § 39.03(a) (Vernon 2003).

 Relator next contends article 15.03 makes the issuance of an arrest warrant a
ministerial duty which Judge Emerson failed to perform. Relator quotes a portion of that
statute providing a summons "shall summon the defendant to appear before a
magistrate[.]" Tex. Code Crim. Proc. Ann. art 15.03(b) (Vernon 1981). The sentence from
which relator quotes reads "A summons may be issued in any case where a warrant may
be issued, and shall be in the same form as the warrant except that it shall summon the
defendant to appear before a magistrate at a stated time and place." Taken in context, the
passage quoted by relator speaks only to the contents of a summons, and does not make
the issuance either of a warrant or a summons a ministerial duty. Relator's petition again
fails to show Judge Emerson abused his discretion or violated a duty imposed by law.

 Our conclusion that relator has not demonstrated that Judge Emerson has violated
a duty imposed by law disposes also of relator's contention that Judge Emerson failed to
comply with the language of Canon 2 of the Code of Judicial Conduct stating that a judge
"shall comply with the law." Tex. Code Jud. Conduct, Canon 2(A), reprinted in Tex. Gov't
Code Ann., tit. 2, subtit. G, app. B (Vernon 1998). Relator has not shown Judge Emerson's
failure to issue arrest warrants was a violation of the Code of Judicial Conduct. (2) 

 For these reasons, relator's petition does not show entitlement to a writ of
mandamus, and is denied.


 James T. Campbell

 Justice




 
1. We take judicial notice from this court's docket that relator has filed several pro se
civil suits against prison officials and others during his tenure in the Institutional Division.
2. Relator also contends the requirements of the Code of Judicial Conduct are
enforceable against a trial judge by mandamus. We need not address this proposition, but
we note the cases relator cites do not support it.