NO. 07-05-0002-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 13, 2005

_____

IN RE: R. WAYNE JOHNSON, RELATOR
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Relator R. Wayne Johnson, a prisoner in the custody of the Texas Department of Criminal Justice, seeks a writ of mandamus ordering respondent, the Honorable Robert Kinkaid, Judge of the 64th District Court of Hale County, to rescind an order dismissing relator's petition in trial court Cause Number A33742-0411. We deny the petition.

In his petition for writ of mandamus, relator alleges that respondent wrongfully entered an order of dismissal of relator's lawsuit; the order is not final for purposes of appeal; and rescinding of the order is a ministerial duty on behalf of the trial court. Relator attached a copy of the order of dismissal. No other document or record of proceedings is attached to or furnished in support of the petition seeking mandamus.

A writ of mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other

adequate remedy by law.  See Canadian Helicopters Ltd. v. Wittig, 876 SW2d 304, 305 (Tex. 1994).  It is the relator's burden to show entitlement to the relief being requested, see generally Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding), and that relator has no adequate remedy at law.  See In re Nolo Press/Folk Law Inc., 991 S.W.2d 768, 776 (Tex. 1999).  In evaluating whether the trial court abused its discretion in making the challenged ruling, a reviewing court must focus on the evidence and matters before the trial court at the time it made the challenged ruling.  See In re Bristol-Meyers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998).  It is relator's burden to file with the petition a certified sworn copy of every document that is material to relator's claim for relief and that was filed in any underlying proceeding, and a properly authenticated transcript of any relevant testimony from any underlying proceeding including any exhibits offered in evidence or a statement that no testimony was adduced in connection with the matter complained of.  TEX. R. APP. P. 52.7(a).

A certified, sworn copy of relator's petition in the trial court is not attached or furnished, nor is any other document or transcript other than the order of dismissal.  Without such documents, we cannot determine if, as relator asserts, the order is not a final order for purposes of appeal, or what evidence or record was before the trial court when the order was entered.  Accordingly, relator has not presented a record which shows entitlement to the relief sought.

Moreover, assuming that relator's assertion is correct and the order is not final for purposes of appeal, see Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001), then relator has an adequate remedy by appeal when a final order is entered.  If, on the other

hand, the order is final for purposes of appeal because it disposed of all issues and parties, then relator's right of appeal from the dismissal affords (or afforded) an adequate legal remedy.  See  Walker v. Packer, 827 S.W.2d 833, 842 (Tex.1992).

The petition for writ of mandamus is denied.


Phil Johnson
Chief Justice