NO. 12-05-00161-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

§

IN RE: CATHERINE MICHELLE MILLER, §     ORIGINAL PROCEEDING
RELATOR
§





MEMORANDUM OPINION
            Relator Catherine Michelle Miller seeks a writ of mandamus compelling the Honorable
Kerry L. Russell, Judge of the 7th Judicial District Court, Smith County, Texas, to vacate his order
signed on April 7, 2005 granting the objection of real party in interest East Texas Medical Center
(“ETMC”) to production of an incident report and enter an order denying ETMC’s objection. We
deny the petition.
Prerequisites to Mandamus
            A writ of mandamus will issue only to correct a clear abuse of discretion or violation of a
duty imposed by law when there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992) (orig. proceeding). The limited availability of mandamus is necessary to
preserve “orderly trial proceedings” and to prevent the “constant interruption of the trial process by
appellate courts.” Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994). The
relator has the burden of showing an abuse of discretion as well as the inadequacy of appeal as a
remedy. Id. 
Discussion
            In the discovery context, appeal is an inadequate remedy when (1) the appellate court would
not be able to cure the trial court’s discovery error, such as when the trial court erroneously orders
the disclosure of privileged information that will materially affect the rights of the aggrieved party;
(2) the party’s ability to present a viable claim or defense at trial is vitiated or severely compromised
by the trial court’s discovery error; or (3) where the trial court disallows discovery and the missing
discovery cannot be made part of the appellate record, or the trial court after proper request refuses
to make it part of the record, and the reviewing court is unable to evaluate the effect of the trial
court’s error on the record before it. Walker v. Packer, 827 S.W.2d 833, 843-44 (Tex. 1992). In the
instant case, Miller has not shown any of these circumstances or others that would render appeal
inadequate. Consequently, Miller has not satisfied the second prerequisite to mandamus. Because
Miller has not shown that appeal is an inadequate remedy, we need not address whether the
respondent trial judge abused his discretion in signing the challenged order. The petition is denied. 

                                                                                                     DIANE DEVASTO 
                                                                                                              Justice


Opinion delivered July 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.












(PUBLISH)