NO. 07-06-0078-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 2, 2006



______________________________



IN RE TOM H. WHITESIDE, RELATOR


_________________________________






Before QUINN, C.J., and CAMPBELL, J., and FRANCIS, J. (1)

MEMORANDUM OPINION


 This is an original proceeding brought by relator Tom H. Whiteside seeking a writ
of mandamus directing the Honorable William Sowder, judge of the 99th District Court, to
grant Whiteside's motion to have that court require the real parties in interest submit
documents for in camera review by the court. We deny relator's petition.

 The dispute giving rise to this proceeding concerns the method used to calculate
payments due relator Whiteside from the law partnership of which he formerly was a
member. That partnership was known as Carr Hunt & Joy, L.L.P. and will be referred to
here as CHJ. By a letter dated October 31, 2000, relator withdrew from CHJ after learning
of his other partners' plans to join another firm. The following day, the other three members
of CHJ began practicing law with the firm of Mullin Hoard Brown (MHB). (2) Relator brought
suit in October 2004 against the CHJ partnership and his former partners individually for
breach of the partnership agreement. The disagreement centers around relator's claim that
the agreement entitles him to a greater payment for CHJ's collected accounts receivable
than he has received. Citing the arbitration provision of that agreement, the other partners
sought a stay of the litigation and to compel arbitration. The trial court granted that request
in an agreed order directing the parties to arbitrate "the partnership payment claim asserted
by Whiteside[.]" 

 The parties selected an arbitrator who conducted an arbitration hearing September
27, 2005. At that hearing the parties entered a written agreement and stipulation. The
parties subsequently submitted briefs supporting their respective positions. Relator
characterizes the September 27, 2005 agreement as stipulating CHJ's breach of the
partnership agreement, leaving only the question of damages for the arbitrator. The real
parties in interest view it as a stipulation of relevant facts, presenting the arbitrator with the
legal question of breach of the partnership agreement. In late October 2005 the arbitrator
found there was no breach of the partnership agreement. Through correspondence relator
urged reconsideration on the basis that determination of whether the agreement had been
breached required consideration of evidence concerning any negotiations between MHB
and the other partners. Specifically, he argued the evidence would show a merger between
the CHJ partnership and MHB, supporting his view there was no dissolution of the CHJ
partnership and the merged partnership was liable for payments in accordance with the
CHJ agreement. The arbitrator denied the request to reconsider his ruling.

 In January 2006, relator filed two motions, seeking to have the trial court vacate the
arbitration award and to "submit documents in camera." The second motion did not request
permission to submit documents, but sought to have the trial court require CHJ and the
other partners produce documents regarding their "dealings" with MHB between June and
November 2000. The trial court denied both motions, confirmed the arbitration award, and
rendered a take-nothing judgment against Whiteside in an order signed February 13, 2006. 
This order recites that it determines all issues between the parties and is a final judgment
subject to appeal. Relator Whiteside's petition for writ of mandamus challenges the denial
of his motion to submit documents in camera.

 Mandamus is an extraordinary writ issued only to correct a clear abuse of discretion
or the violation of a duty imposed by law when there is no other adequate remedy at law. 
Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). 
It is the relator's burden to show entitlement to the relief being requested. See generally
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). 
Merely showing reversible error will not satisfy this requirement. In re Masonite Corp., 997
S.W.2d 194, 198-99 (Tex. 1999) (orig. proceeding). Nor will merely showing that appeal
will involve more expense or delay than obtaining a writ of mandamus. Canadian
Helicopters Ltd., 876 S.W.2d at 306. A trial court clearly abuses its discretion if "it reaches
a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of
law." Johnson, 700 S.W.2d at 917. 

 Relator contends the trial court's failure to order production of the documents was
an abuse of discretion because the order was authorized by section 171.086 of the Civil
Practice and Remedies Code, (3) and the information was necessary to his motion to vacate
the arbitration award. We do not address this contention because we conclude relator has
not established the absence of an adequate remedy at law. See Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992) (remedy by normal appeal precludes mandamus). 

 Relator asserts he has no adequate remedy by appeal because the trial court's
denial of his motion to require production of the documents vitiated his ability to present a
viable claim and because the missing discovery cannot be made a part of the appellate
record, precluding evaluation of the effect of the court's error. 

 Along with Walker, 827 S.W.2d 833, relator cites Able Supply Co. v. Moye, 898
S.W.2d 766 (Tex. 1995), and In re Hinterlong, 109 S.W.3d 611 (Tex.App.-Fort Worth 2001,
orig. proceeding). We initially note that all those cases were mandamus proceedings
brought at an interlocutory stage to challenge the trial court's denial of motions to compel
pretrial discovery. Relator's petition is not presented at an interlocutory stage of the
proceeding. The order denying relator's request to order production of documents was also
the trial court's final judgment. 

 Moreover, we disagree that the trial court's denial of relator's request impaired his
ability to present his claim. In Able Supply and Hinterlong, relators sought discovery in
preparation for trial and the information sought was necessary to presentation of a claim
or defense. (4) Because the dispute here was subject to an arbitration agreement, the issue
before the trial court after arbitration was whether there were grounds requiring the
arbitration award to be vacated. See Tex. Civ. Prac. & Rem. Code Ann. § 171.088 (Vernon
2005). In the absence of such grounds, the court was required to confirm the award on the
request of a party. Tex. Civ. Prac. & Rem. Code §171.087 (Vernon 2005). 

 Relator's motion to vacate the arbitration award asserted two grounds, contending
the arbitrator: (1) exceeded his powers by finding dissolution of the CHJ partnership without
any evidence, and (2) refused to hear evidence material to the controversy by his refusal
to hear evidence of pre-November 1, 2000 dealings between MHB and the other CHJ
partners. Without expressing an opinion on the merits of either contention, we are
unpersuaded the absence of the requested documents inhibited the presentation of those
arguments to the trial court or in an appeal. Both the record of the evidence considered by
the arbitrator and his refusal to consider evidence of dealings between the other CHJ
partners and MHB can be established without the documents relator seeks. See Walker,
827 S.W.2d at 843-44 (appeal remedy may be inadequate when discovery denied and
reviewing court is unable to evaluate effect of error on the record before it). Relator has
failed to show the documents are necessary to his presentation of either of the asserted
grounds for vacation of the arbitration award. 

 Relator having failed to demonstrate that a remedy by appeal is inadequate, we
deny his petition for writ of mandamus.


 Per Curiam


1. Molly Francis, Justice, Fifth Court of Appeals, sitting by assignment. 
2. Among the matters in dispute was whether this action constituted a merger of the
partnerships or acts of the partners individually. The record indicates Whiteside's former
partners occupied the same offices and used the same office staff and equipment as they
used in the CHJ partnership. 
3. Tex. Civ. Prac. & Rem. Code Ann. § 171.086(a) (Vernon 2005). 
4. Able Supply involved mandamus relief sought by sixty-three defendants in a mass
products liability case who sought to compel a supplemental response by some 800
plaintiffs to an interrogatory asking for medical information linking a plaintiff's claimed
injuries to a particular defendant's product. 898 S.W.2d at 771. In Hinterlong, the plaintiff
in a malicious prosecution, defamation and negligence action sought mandamus to compel
discovery of the identity of, and other information relating to, a defendant who provided a
crime stoppers tip. 109 S.W.3d at 633.