NO. 07-06-0078-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 2, 2006

______________________________

IN RE TOM H. WHITESIDE, RELATOR

_________________________________

Before QUINN, C.J., and CAMPBELL, J., and FRANCIS, J.
(footnote: 1)
MEMORANDUM OPINION

This is an original proceeding brought by relator Tom H. Whiteside seeking a writ of mandamus directing the Honorable William Sowder, judge of the 99
th
 District Court, to grant Whiteside’s motion to have that court require the real parties in interest submit documents for 
in camera
 review by the court.  We deny relator’s petition.

The dispute giving rise to this proceeding concerns the method used to calculate payments due relator Whiteside from the law partnership of which he formerly was a member.  That partnership was known as Carr Hunt & Joy, L.L.P. and will be referred to here as CHJ.  By a letter dated October 31, 2000, relator withdrew from CHJ after learning of his other partners’ plans to join another firm.  The following day, the other three members of CHJ began practicing law with the firm of Mullin Hoard Brown (MHB).
(footnote: 2)  Relator brought suit in October 2004 against the CHJ partnership and his former partners individually for breach of the partnership agreement.  The disagreement centers around relator’s claim that the agreement entitles him to a greater payment for CHJ’s collected accounts receivable than he has received.  Citing the arbitration provision of that agreement, the other partners sought a stay of the litigation and to compel arbitration.   The trial court granted that request in an agreed order directing the parties to arbitrate “the partnership payment claim asserted by Whiteside[.]” 

The parties selected an arbitrator who conducted an arbitration hearing September 27, 2005.  At that hearing the parties entered a written agreement and stipulation.  The parties subsequently submitted briefs supporting their respective positions. Relator characterizes the September 27, 2005 agreement as stipulating CHJ’s breach of the partnership agreement, leaving only the question of damages for the arbitrator.  The real parties in interest view it as a stipulation of relevant facts, presenting the arbitrator with the legal question of breach of the partnership agreement.  In late October 2005 the arbitrator found there was no breach of the partnership agreement.  Through correspondence relator urged reconsideration on the basis that determination of whether the agreement had been breached required consideration of evidence concerning any negotiations between MHB and the other partners.  Specifically, he argued the evidence would show a merger between the CHJ partnership and MHB, supporting his view there was no dissolution of the CHJ partnership and the merged partnership was liable for payments in accordance with the CHJ agreement.  The arbitrator denied the request to reconsider his ruling.

In January 2006, relator filed two motions, seeking to have the trial court vacate the arbitration award and to “submit documents 
in camera
.”  The second motion did not request permission to submit documents, but sought to have the trial court require CHJ and the other partners produce documents regarding their “dealings” with MHB between June and November 2000.  The trial court denied both motions, confirmed the arbitration award, and rendered a take-nothing judgment against Whiteside in an order signed February 13, 2006.  This order recites that it determines all issues between the parties and is a final judgment subject to appeal.  Relator Whiteside’s petition for writ of mandamus challenges the denial of his motion to submit documents 
in camera
.

Mandamus is an extraordinary writ issued only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law.  
Canadian Helicopters Ltd. v. Wittig
, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).  It is the relator's burden to show entitlement to the relief being requested.  
See generally Johnson v. Fourth Court of Appeals
, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).  Merely showing reversible error will not satisfy this requirement. 
In re Masonite Corp
., 997 S.W.2d 194, 198-99 (Tex. 1999) (orig. proceeding).  Nor will merely showing that appeal will involve more expense or delay than obtaining a writ of mandamus.  
Canadian Helicopters Ltd.
, 876 S.W.2d at 306.  A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law."  
Johnson
, 700 S.W.2d at 917. 

Relator contends the trial court’s failure to order production of the documents was an abuse of discretion because the order was authorized by section 171.086 of the Civil Practice and Remedies Code,
(footnote: 3) and the information was necessary to his motion to vacate the arbitration award.  We do not address this contention because we conclude relator  has not established the absence of an adequate remedy at law.  
See
 
Walker v. Packer
, 827 S.W.2d 833, 840 (Tex. 1992) (remedy by normal appeal precludes mandamus).   

Relator asserts he has no adequate remedy by appeal because the trial court’s denial of his motion to require production of the documents vitiated his ability to present a viable claim and because the missing discovery cannot be made a part of the appellate record, precluding evaluation of the effect of the court’s error. 

Along with 
Walker
, 827 S.W.2d 833, relator cites 
Able Supply Co. v. Moye
, 898 S.W.2d 766 (Tex. 1995), and 
In re Hinterlong
, 109 S.W.3d 611 (Tex.App.–Fort Worth 2001, orig. proceeding).  We initially note that all those cases were mandamus proceedings brought at an interlocutory stage to challenge the trial court’s denial of motions to compel pretrial discovery.  Relator’s petition is not presented at an interlocutory stage of the proceeding. The order denying relator’s request to order production of documents was also the trial court’s final judgment. 

Moreover, we disagree that the trial court’s denial of relator’s request impaired his ability to present his claim.  In 
Able Supply
 and 
Hinterlong,
 relators sought discovery in preparation for trial and the information sought was necessary to presentation of a claim or defense.
(footnote: 4)  Because the dispute here was subject to an arbitration agreement, the issue before the trial court after arbitration was whether there were grounds requiring the arbitration award to be vacated.  
See
 Tex. Civ. Prac. & Rem. Code Ann. § 171.088 (Vernon 2005).  In the absence of such grounds, the court was required to confirm the award on the request of a party.  Tex. Civ. Prac. & Rem. Code §171.087 (Vernon 2005).  

Relator’s motion to vacate the arbitration award asserted two grounds, contending the arbitrator: (1) exceeded his powers by finding dissolution of the CHJ partnership without any evidence, and (2) refused to hear evidence material to the controversy by his refusal to hear evidence of pre-November 1, 2000 dealings between MHB and the other CHJ partners.  Without expressing an opinion on the merits of either contention, we are unpersuaded the absence of the requested documents inhibited the presentation of those arguments to the trial court or in an appeal.  Both the record of the evidence considered by the arbitrator and his refusal to consider evidence of dealings between the other CHJ partners and MHB can be established without the documents relator seeks.  
See Walker
, 827 S.W.2d at 843-44 (appeal remedy may be inadequate when discovery denied and reviewing court is unable to evaluate effect of error on the record before it).  Relator has failed to show the documents are necessary to his presentation of either of the asserted grounds for vacation of the arbitration award.  

Relator having failed to demonstrate that a remedy by appeal is inadequate, we deny his petition for writ of mandamus.

Per Curiam

FOOTNOTES
1:
Molly Francis, Justice, Fifth Court of Appeals, sitting by assignment.  

2: Among the matters in dispute was whether this action constituted a merger of the partnerships or acts of the partners individually. The record indicates Whiteside’s former partners occupied the same offices and used the same office staff and equipment as they used in the CHJ partnership.  

3: Tex. Civ. Prac. & Rem. Code Ann. § 171.086(a) (Vernon 2005). 

4: 
Able Supply
 involved mandamus relief sought by sixty-three defendants in a mass products liability case who sought to compel a supplemental response by some 800 plaintiffs to an interrogatory asking for medical information linking a plaintiff’s claimed injuries to a particular defendant’s product.  898 S.W.2d at 771.  In 
Hinterlong
, the plaintiff in a malicious prosecution, defamation and negligence action sought mandamus to compel discovery of the identity of, and other information relating to, a defendant who provided a crime stoppers tip.  109 S.W.3d at 633.