NO. 07-07-0431-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 27, 2009
_____

IN RE R. WAYNE JOHNSON, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator R. Wayne Johnson, acting *pro se,* filed a petition seeking relief by writ of mandamus. We will deny his petition.

According to his petition, relator seeks a writ of mandamus against the Honorable John B. Board, judge of the 181st District Court of Potter County. The petition asserts that Judge Board, in his capacity as local administrative judge,[1] abused his discretion by refusing to sign an order relator submitted that would have allowed him to file a civil suit.

Relator's petition includes a copy of an order entered in June 2001 in the District Court of Bee County, granting a motion to declare relator a vexatious litigant. The order further prohibits relator from filing suit in Texas courts without permission of a local

_____

[1]Tex. Gov't Code Ann. 74.091 (Vernon 2005); Tex.Gov't Code Ann. 74.092 (Vernon 2005).

administrative judge. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.051 (providing for motions for determination that plaintiff is vexatious litigant), 11.101 (providing for pre-filing orders) (Vernon 2002).[2] *See also In re Johnson,* No. 07-06-0359-CV, 2006 WL 2919071 (Tex.App.–Amarillo October 12, 2006) (orig. proceeding) (recognizing relator's status as vexatious litigant).

Courts will issue mandamus to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by appeal. *In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)*; Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). It is the relator's burden to show entitlement to the relief being requested. *See generally Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

To our knowledge, no court has found that a local administrative judge's denial of permission to a vexatious litigant to file suit is reviewable by mandamus. See Tex. Civ. Prac. & Rem. Code Ann. § 11.102 (Vernon 2002) (providing for such permission). It is not necessary for us to determine that question here, and we do not address it. Even assuming mandamus to be available in a proper case, relator's petition does not demonstrate his entitlement to mandamus relief.

---

[2] Relator appears on the list of vexatious litigants maintained by the Office of Court Administration. *See* courts.state.tx.us/oca/vexatious_litigants.xls.

2

By his petition, relator contends that Chapter 11 of the Civil Practice and Remedies Code does not apply to him because the 2001 order of the Bee County District Court declaring him a vexatious litigant is void. He points out the Attorney General of Texas was a defendant in the Bee County case in which the order was entered, and asserts that the Attorney General submitted the motion asking that he be declared a vexatious litigant. He further cites section 402.021 of the Government Code, and points to its language that the Attorney General shall prosecute and defend all actions in which the State is interested before the Supreme Court and Courts of Appeals. Tex. Gov't Code Ann. § 402.021 (Vernon 2005). From this statute, relator reasons that the Attorney General had no authority to appear in the Bee County District Court, and so had no authority to submit the motion under section 11.051, rendering the District Court's order void.

Relator's reasoning is faulty, for several reasons. We will mention three. First, section 11.101 does not require that a party to litigation file a motion for the entry of a pre-filing order against a person determined to be a vexatious litigant. That section provides a court may enter a pre-filing order on its own motion. Tex. Civ. Prac. & Rem. Code Ann. § 11.101 (Vernon 2002). Second, the Bee County District Court's pre-filing order reflects the style of that litigation as "R. Wayne Johnson A.K.A. "Legal Eagle," plaintiff v. John Cornyn, Attorney General and Andy Taylor, defendants." Nothing in relator's mandamus petition demonstrates what claims he asserted against then-Attorney General Cornyn in Bee County, or in which capacity the defendants were sued, so it is not clear that any particular statutory authority was necessary for them to defend the action against them. Third, section 402.021 is not the only basis for the Attorney General's representation of the

3

State in litigation. *See* Tex. Const. art. IV, § 22. *See also El Paso Elec. Co. v. Texas Dept. Of Ins.,* 937 S.W.2d 432, 438-439 (Tex. 1996) (the legislature, pursuant to the authority delegated to it under article IV, section 22, may empower the Attorney General to represent the State in district court). For these reasons, and others not necessary to discuss, relator's petition would not authorize issuance of a writ of mandamus, assuming mandamus to be available.

Accordingly, relator's petition is denied.


James T. Campbell
Justice