NO












 
 
 
 
 
 
  
 
 
 
 
  
 


NO. 12-10-00026-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

                                                                             '     

IN RE: CLAUDIA P. TOVAR,

                                                                             '                 ORIGINAL
PROCEEDING

RELATOR

                                                                             '     

 



 



MEMORANDUM
OPINION

            In
this original proceeding, Claudia P. Tovar, the relator, seeks a writ of
mandamus compelling the trial court to provide her with an interpreter at all
court hearings in the underlying proceeding without prepayment of the
interpreter’s fee.  Tovar also asks that the writ direct the trial court to
remove the case from its dismissal docket.[1]  We deny the petition.

 

Background

            This
proceeding arises from a divorce and child custody action in which Tovar is the
petitioner.  Tovar is indigent.[2] 

Tovar
filed a motion for an interpreter in the trial court alleging that she is a
Spanish speaker and does not comprehend or communicate in English.  Attached to
her motion was a proposed order stating, in part, “that the fees and expenses
of the court interpreter for services shall be paid from the general fund of
Smith County.”  The trial court appointed an interpreter, but, without stating
a reason, denied Tovar’s request that Smith County pay the fee. Tovar moved
for, and the trial court denied, reconsideration of the order regarding payment
of the interpreter’s fee.  The interpreter then notified Tovar’s counsel that
she would not appear in court without prepayment of her fee.  At the final
hearing, Tovar did not proceed because the interpreter did not appear, and the
case was placed on the trial court’s dismissal docket. Tovar then filed this
original proceeding.

Approximately
one month later, the trial court vacated its order denying Tovar’s motion for
reconsideration, and issued another order denying the motion.  This second
order did not address payment of the interpreter’s fee.  But the trial court
did not remove the case from the dismissal docket or indicate that Smith County
would pay the interpreter’s fee.  Tovar filed a motion for emergency relief.

 

Prerequisites to
Mandamus

Mandamus
is an extraordinary writ that should issue only in situations involving
manifest and urgent necessity and not for grievances that may be addressed by
other remedies.  In re McAllen Med. Ctr., 275 S.W.3d 458,
471 (Tex. 2008) (orig. proceeding).  Thus, mandamus is granted only when the
trial court has clearly abused its discretion and the relator lacks an adequate
appellate remedy.  In re Team Rocket, L.P., 256 S.W.3d 257, 259
(Tex. 2008) (orig. proceeding).  A trial court clearly abuses its discretion if
it reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law.  Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding).  An appellate remedy is “adequate” when any
benefits to mandamus review outweigh the detriments.  In re Prudential
Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig.
proceeding).

The
relator has the burden of establishing both prerequisites to mandamus.  In
re CSX Corp., 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).  This
burden is a heavy one.  Canadian Helicopters Ltd. v. Wittig, 876
S.W.2d 304 (Tex. 1994) (orig. proceeding).

 

Abuse of
Discretion

Tovar
contends that because she is indigent, Smith County should be ordered to pay
the interpreter’s fee.  She argues that in failing to order this payment, the
trial court has effectively denied her a meaningful forum in which to complete
her divorce because she does not comprehend or communicate in English. 
According to Tovar, this failure violates the due process and equal protection
guarantees of the United States Constitution and constitutes a clear abuse of
discretion by the trial court.

A
court may select and appoint an interpreter and “fix the interpreter’s
reasonable compensation.”  Tex. R. Civ.
P. 183.  But the interpreter must be “paid out of funds provided by law
or by one or more of the parties as the court may direct, and may be taxed
ultimately as costs, in the discretion of the court.”  Id. Tovar
requested that the interpreter’s fee be paid from Smith County’s general fund. 
But Tovar does not address rule 183 in her briefing.  Thus, she provides no
argument or authority supporting a conclusion that the term “funds provided by
law,” as used in the rule, encompasses a county’s general fund.  Consequently,
Tovar has not established that the trial court has the authority to order
payment of the interpreter’s fee from Smith County’s general fund.  Without a
showing that the trial court has that authority, Tovar cannot establish that
the trial court clearly abused its discretion in failing to issue the requested
order.[3]  

 

Disposition

Because
Tovar has not shown a clear abuse of discretion by the trial court, she has not
established the first prerequisite to mandamus.  Therefore, we need not address
the second prerequisite—whether she has an adequate remedy by appeal.  See Tex. R. App. P. 47.1.  Tovar’s petition
for writ of mandamus is denied.  Tovar’s Motion for Emergency
Relief is denied.



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered June 15, 2010.

Panel consisted of
Worthen, C.J., and Griffith, J.

Hoyle, J., not
participating.

 

 

 

 

 

 

(PUBLISH)









                [1]
The respondent is the Honorable Carole W. Clark, Judge of the 321st Judicial
District Court, Smith County, Texas.  The real party in interest is Efren Mota
Sanchez, who has been served with citation in the underlying action but has not
entered an appearance.   

 





                [2]
Tovar is represented by Lone Star Legal Aid and filed an affidavit of indigency
as well as an IOLTA certificate.  A party’s affidavit of inability accompanied
by an attorney’s IOLTA certificate may not be contested.  Tex. R. Civ. P. 145(c).





                [3]
Because Tovar has not shown that the trial court has the authority to issue the
order she seeks, we do not address Tovar’s constitutional claims and express no
opinion on their merits.