Opinion issued October 20, 2011.

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00841-CR

———————————

In re Robert O.
Craig, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus  



 



 

MEMORANDUM OPINION

By petition for writ of mandamus,
relator, Robert O. Craig, seeks
mandamus relief compelling the trial court to rule on the motion “nunc pro
tunc” he filed on September 23, 2011.[1]  Although he states in his petition that a
copy of his motion is attached, no such motion is included in the appellate
record.

A writ of mandamus will issue to correct a clear abuse of
discretion or the violation of a duty imposed by law when there is no adequate
remedy at law.  Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex.
1994) (orig. proceeding).  If the
respondent trial court has a legal duty to perform a nondiscretionary act, the
relator must make a demand for performance that the respondent refuses.  Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding).  The relator must also
provide this Court with a sufficient record to establish his right to mandamus
relief.  Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig.
proceeding).

Relator has not provided us with a record that shows he filed
any motions or otherwise requested relief from respondent, or included a
certified or sworn copy of any order complained of or any other document
showing the matter complained of, see
Tex. R. App. P. 52.3(k)(1)(A),
nor has he shown that any such motion has been pending for an unreasonable
length of time.  See Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st
Dist.] 1992, orig. proceeding).    

 

 

Therefore, the petition for writ of mandamus is denied.

PER CURIAM

Panel
consists of Justices Jennings, Sharp and Brown.

Do
not publish.  Tex. R. App. P. 47.2(b).

 











[1]
          Relator has identified the
underlying case as Cause No. 1278494 in the 337th District Court of Harris
County, Texas.