Opinion issued January 26, 2012

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00910-CV

———————————

In rE Donald Ray
Mitchell, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus  



 



 

MEMORANDUM OPINION[1]

Relator, Donald Ray Mitchell, filed a pro se petition for
writ of mandamus, complaining that the trial court “refuses” to rule on his “Will
Contest, Declaratory Judgment suit and several other motions” challenging the
authentication and probate of the Will of the Estate of Willie Benton.  His suit and various motions, some of which
he contends were filed as long as twenty-eight months ago, are pending before
Probate Court One of Harris County, Texas, the Honorable Kathy Stone presiding.


A writ of mandamus will issue to correct a clear abuse of
discretion or the violation of a duty imposed by law when there is no adequate
remedy at law.  Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex.
1994) (orig. proceeding).  To establish
that the trial court refused to rule on a pending motion, the relator must
provide a record demonstrating that he asked the trial court for a ruling on
his motion and that the trial court refused to rule.  See
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992,
orig. proceeding); see also Walker v.
Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).  The mandamus record must show that the motion
was presented to the trial court and that the trial court refused to rule on
it.  See
In re Chavez, 62 S.W.3d 225, 228 (Tex. App–Amarillo 2001, orig.
proceeding).

Relator’s petition does not comply with the Texas Rules of
Appellate Procedure.  See, e.g., Tex. R. App. P. 9.5 (requiring relator
to serve a copy of petition on all parties to proceeding, i.e., the respondent
and the real parties in interest); Tex. R. App. P. 52.3(k)
(requiring relator to file appendix that includes a certified or sworn copy of
any document showing matter complained of); Tex.
R. App. P. 52.7 (requiring
relator to file mandamus record containing all documents material to claim for
relief); Tex. R. App. P.  10.1(a)(5) (requiring civil motions contain or
be accompanied by certificate stating that filing party conferred, or made
reasonable attempt to confer, with all other parties about merits of motion—except respondent judge in original
proceeding—and
whether those parties oppose motion).

Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

Panel
consists of Justices Jennings, Sharp and Brown.

 

 











[1]         Mitchell
identifies the underlying suit as a contest to the Will and Probate of the
Estate of Willie Benton that he filed in Probate Court One of Harris County,
the Honorable Kathy Stone presiding.